HARRIET WRIGHT v. STATE OF NEBRASKA.

FILED MAY 2, 1895.          No. 7339.

1. **Criminal Law**: REVIEW: RECORD. All presumptions exist in favor of the regularity of the judgments of courts of general jurisdiction, and he who asserts the contrary is required to establish the alleged error by an exhibition of the record.

2. ———: ———: ———. An objection on the ground that a particular charge of an information was not included in the complaint upon which an accused was held to answer by the examining magistrate, will not be noticed by this court on petition in error to review a judgment of conviction where such preliminary complaint is not set out or made a part of the record.

3. **Disorderly Houses**: EVIDENCE. Evidence examined, and *held* to sustain a conviction under section 210, Criminal Code, for the knowingly owning, using, and occupying of a house in this state for the purpose of prostitution.

4. **Criminal Law**: BILL OF EXCEPTIONS: AFFIDAVITS. Where affidavits are used as evidence on the trial of any issue of fact, they must, to be available for the purpose of review by petition in error in this court, be identified and preserved in the form of a bill of exceptions.

5. ———: SENTENCE: REVIEW. To the district court and not to this has been entrusted the power to impose sentences for the commission of offenses against the laws of the state, and the judgments of that court will not be interfered with on the ground that they are excessive in the absence of a clear abuse of discretion.

ERROR to the district court for Platte county. Tried below before SULLIVAN, J.

*C. A. Woosley* and *W. M. Cornelius,* for plaintiff in error.

*A. S. Churchill, Attorney General,* and *W. S. Summers, Deputy Attorney General,* for the state.

POST, J. ·

It is by this proceeding sought to reverse a judgment of the district court for Platte county, whereby the plaintiff in error, Harriet Wright, was adjudged guilty of a violation of section 210 of the Criminal Code. The information upon which the accused was convicted charges the knowingly owning, using, and occupying by her of a certain house or building in said county for the purpose of prostitution. The provisions of the section above mentioned, so far as material to the questions presented by the record, are as follows: " Every house or building situated in this state, used and occupied as a house of ill-fame, or for the purposes of prostitution, shall be held and deemed a public nuisance, and any person owning, or having control of, as guardian, lessee, or otherwise, such house or building, and knowingly leasing or subletting the same in whole or in part for the purpose of keeping therein a house of ill-fame, knowingly, or permit the same to be used or occupied for such purpose, or using or occupying the same for such purpose, shall for every such offense be fined in any sum not exceeding $100, or imprisoned not less than thirty days nor more than six months, or both, at the discretion of the court."

The first assignment of the petition in error is that the trial court erred in refusing to quash the information on the ground that the accused had not been allowed a preliminary hearing upon the particular offense charged in the information. It is conceded by counsel that a complaint of some kind was lodged with a magistrate and that an exami-

nation of the accused was had on the charge therein stated; and said information not being included in the record before us, it cannot be determined that the district court erred in the ruling assigned. The rule is too firmly established to require the citation of authorities, that all presumptions exist in favor of the judgments of courts of general jurisdiction, and that he who asserts the contrary is required to establish the alleged error by an exhibition of the record. The principal contention of the accused relates to the sufficiency of the evidence to sustain the judgment. The character of the premises in question as a house of prostitution, and the former proprietorship of the accused, are facts clearly established by the proofs, and not seriously controverted on this hearing. It is, however, contended that she was not during the period named in the information either the owner or proprietor of said house, or in anywise related to the management or control thereof. It is shown by the record that the accused, on the 24th day of May, 1893, by written undertaking agreed to sell and convey said property to Mrs. L. M. Gaffney upon the payment by the latter of $2,500 on or before the 10th day of February, 1894, and on the day last named said property was conveyed by her to said Gaffney by warranty deed, with the usual covenants. There is evidence also tending to prove that Mrs. Gaffney, in the month of September, 1893, sold and assigned her interest in the property under and by virtue of said contract to one Edna De Vore, who it is claimed was the proprietress of the house at the time in question, and that the position of the accused therein was that of a servant only. On the part of the state it is contended that the contracts above mentioned, as well as the alleged proprietorship of Miss De Vore, are mere devices resorted to by the accused in order to evade responsibility for the traffic in which she was engaged. That question was submitted to the jury, assisted by a charge to which no exception was taken, and which is conceded to be an admirable exposition of the law of

the subject; and with the verdict rendered we discover no ground for interference in the proceeding. Aside from admissions proved which tend to establish the allegations of the information, it appears that there were during the period stated, in addition to the accused, five or six inmates of said house, all of whom, including Edna De Vore, the alleged proprietress, were prostitutes. The groceries and provisions for use in said establishment were ordered by the accused, and when not paid for by her as purchased, were sold and delivered on her credit. She also ordered beer by the case for use on the premises, and personally paid fines assessed against the inmates of said house who had been convicted under the ordinances of the city of Columbus on the charge of being inmates of a house of ill-fame. The evidence explanatory of the foregoing facts is, it must be conceded, consistent with the theory of her innocence, but the credibility of such evidence was purely a question of fact; and the verdict of guilty having received the approval of the judge who presided at the trial, must, on the record presented, be deemed conclusive. The case of *Drake v. State*, 14 Neb., 536, relied upon by the plaintiff in error, merely states the rule that to warrant a conviction in such a case the prisoner must have owned or controlled the house, and knowingly permitted it to be used for the purpose of prostitution, and is therefore in harmony with the conclusions here stated.

The next assignment is that the trial court erred in refusing to set aside the verdict on the ground of misconduct of the jury. From the transcript it appears that the question of the alleged misconduct was submitted to the court upon affidavits, and by that court resolved in favor of the state; but that ruling cannot be examined in this proceeding, for the reason that said affidavits are not incorporated in a bill of exceptions. It is the settled rule of this court that affidavits used on the trial of issues of fact must be preserved in the form of a bill of exceptions in order to be

available to the complaining party on appeal or petition in error. (*Vindquest v. Perky*, 16 Neb., 284; *Fitzgerald v. Benadom*, 35 Neb., 317; *Maggard v. Van Duyn*, 36 Neb., 862.)

Finally, it is urged that the sentence (imprisonment for a term of three months in the county jail) is excessive; but to the district court and not to this court is entrusted the power to impose sentences for the commission of crimes against the state; and the judgments of that court cannot be controlled or interfered with in the absence of a clear abuse of discretion. (*Davis v. State*, 34 Neb., 558.) The minimum penalty for the offense charged is, as we have seen, a fine not exceeding $100, or imprisonment for not less than thirty days, while the maximum penalty is both the fine named and imprisonment for a period not exceeding six months. The judgment, being far short of the extreme penalty prescribed by law, cannot be regarded as an abuse of discretion authorizing a reversal on that ground. There being no error apparent from the record, the judgment will be

AFFIRMED.