STEPHEN A. HOLT v. STATE OF NEBRASKA.

FILED JUNE 19, 1901.   No. 11,808.

1. **Physician Can Not Sell or Keep for Sale Liquor Without License.**
   A physician is forbidden, by section 20, chapter 50, Compiled
   Statutes, from selling or keeping for sale intoxicating liquors,
   unless he has a license or permit so to do.

2. **Keeping Liquor for Home Consumption Does Not Give Right to
   Sell.** The mere fact that one keeps intoxicating liquors for
   home consumption, will not authorize him to sell or keep for
   sale intoxicating liquors without a license or permit.

3. **Negative Averments Only Necessary as to Descriptio Delicti.** The
   rule is that only such exceptions and provisions of a statute
   are required to be negatived in an information as are part of
   the description of the offense.

4. **Bill of Exceptions:** EVIDENCE ON MOTION FOR NEW TRIAL. Evidence
   adduced on the hearing of a motion for a new trial, to be avail-
   able on review, must be incorporated in a bill of exceptions.

ERROR from the district court for Boyd county.   Tried
below before HARRINGTON, J.   *Affirmed.*

*W. T. Wills* and *W. A. Meserve,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown,
Deputy,* for the state.

NORVAL, C. J.

Stephen A. Holt was prosecuted in the lower court
under section 20, chapter 50, Compiled Statutes, for keep-
ing intoxicating liquors for sale without a license so to
do. From a judgment of conviction and sentence he
brings error.

The first contention of counsel for the accused is that
the information fails to charge a crime. It avers: "That
Stephen A. Holt, late of the county aforesaid, did on the
9th day of July, in the year of our Lord 1900, in said
county, keep for sale and with intent to sell and vend and
did then and there sell and keep for sale intoxicating
liquors, consisting of whiskey, brandy and alcohol, in a

building then occupied by him, the said Stephen A. Holt, in the village of Gross, in said county, without him, the said Stephen A. Holt, first having procured a license for the sale of malt, spirituous or vinous liquors, and without first having procured a druggist permit for the sale of said liquors for medicinal, mechanical or sacramental purposes, contrary to the form of the statute in such case made and provided and against the peace and dignity of the people of the state of Nebraska." It is argued that the information is fatally defective, because it does not specifically allege that the defendant was not one of the persons designated in the proviso clause of section 20, chapter 50, Compiled Statutes, which reads, "That this [section] shall not apply to physicians or druggists holding permits for the sale of liquors for medicinal, mechanical, chemical, or sacramental purposes, or persons having liquors for home consumption." The information sufficiently negatives the exceptions of the statute. It alleges that the accused had no liquor license or druggist's permit, and that the defendant kept the intoxicating liquors for sale and did sell the same. It is sufficiently alleged, if that were essential, that the liquors were not kept for home consumption alone, which the statute permits. A physician has no right to keep intoxicating liquors for sale or sell the same; and if he do so, he is amenable to the penalty of the statute. The provisions of the act exclude neither physicians nor persons having liquors for home consumption from the operation thereof. Neither have the right to sell intoxicating liquors without having first procured a license or permit so to do. The information negatives all exceptions of the statute which are a necessary description of the crime attempted to be charged. Moreover, the general rule is that only such exceptions and provisions of a statute as are part of the description of the offense need be negatived in the information.

Complaint is also made because the information does not charge that the defendant had neither a license nor permit, but that it avers he did not have both a license

and permit. This contention is exceedingly hypercritical and needs no argument to refute it.

Samples of the whiskey taken from the keg found by the sheriff in the defendant's possession were introduced in evidence over the objection of the latter. They were competent and were properly received as evidence against him. Moreover, the defendant could not have been prejudiced by their reception as evidence, since he testified on the trial that he had a ten-gallon keg of whiskey which was seized by the officer.

The next argument is that John Hajek, one of the jurors on the case, after the verdict had been agreed upon, signed, sealed and delivered to the foreman, but before the same had been returned into court, made a bet with one Main relative to what the verdict would be. This point is not available in this court, since the certificate to the bill of exceptions does not disclose that the evidence adduced on the hearing of the motion for a new trial is incorporated therein. The certificate of the trial judge, attached to the bill of exceptions, shows that the bill merely contains the evidence taken on the trial of the cause. *Dinsmore v. State*, 61 Nebr., 418.

We have examined the ruling relative to the cross-examination of the witness J. M. Fuller, and discover no prejudicial error therein.

The judgment is

AFFIRMED.

NOTE.—Chapter 50 of the Compiled Statutes is known as the Slocumb Law. The real author of that law was John H. Ames.—
REPORTER.

