Kerr v. State.

---

HANS J. KERR v. STATE OF NEBRASKA.

FILED DECEMBER 4, 1901.    No. 12,022.

1. **Application for Continuance:** DISCRETION OF TRIAL COURT. An application for a continuance is addressed to the sound discretion of the trial court and its ruling thereon will not be held erroneous, unless an abuse of discretion is disclosed by the record.

2. **Due Diligence:** MATERIALITY OF EVIDENCE: CUMULATIVE TESTIMONY. When due diligence is not shown to have been exercised, or when the materiality of the proposed evidence does not appear, or when the proposed evidence may be procured from witnesses within the jurisdiction of the court, it is not error to overrule an application for a continuance for the purpose of securing the same character of testimony from witnesses residing in other states.

3. **Motion for New Trial:** NEWLY DISCOVERED EVIDENCE. It is not error to overrule a motion for a new trial on the ground of newly discovered evidence, where it does not appear that such evidence, if introduced on a retrial, would probably change the result reached on the first trial.

4. **Application for Continuance:** AFFIDAVITS: BILL OF EXCEPTIONS. Affidavits in support of an application for a continuance or of a motion for a new trial, not made a part of the bill of exceptions and found only in the transcript of the record certified to by the clerk of the trial court, are not properly presented to a reviewing court for consideration in determining whether the lower court correctly ruled on such application.

5. **Jurors:** CHALLENGE TO ARRAY: TALESMEN: TWO YEARS LIMIT. It is not a good ground of challenge to the array of jurors selected for a regular term of court that in selecting the names from which to draw those required to be summoned to serve as jurors the county commissioners selected the names of several persons who had served on the regular panel or as talesmen within two years next preceding such term, and that of those drawn to serve at such term there were but nineteen who had not previously and within two years performed jury service in the same court.

6. ——: ——: ——. It is the duty of the county commissioners, so far as practicable, to select the names of those against whom the objection of prior jury service can not be urged; but where five of those drawn and summoned to serve on the regular panel are disqualified to serve in a cause, if objection be interposed on that ground, this is no sufficient reason for sustaining a challenge to the entire panel.

7. **Intoxicating Liquor:** EVIDENCE: ANALYSIS. Where there is evidence tending to prove that a liquor claimed to be intoxicating was of the same kind and quality as that alleged to have been sold in violation of law, it is not error to admit the testimony of a witness who has analyzed such liquor as to its intoxicating properties.

8. **Instruction:** REQUEST: REVIEW. Where no cautionary instruction has been requested with reference to the consideration of the testimony of witnesses employed as detectives, a defendant can not predicate error because of the trial court's failure to instruct the jury on that point.

9. **Other Assignments.** Other assignments of error examined, and found not well taken.

10. **Evidence:** VERDICT. Evidence examined, and found sufficient to support the verdict of the jury.

ERROR from the district court for Phelps county. Tried below before ADAMS, J.  *Affirmed.*

*Hall & Reed* and *Rhea & Manatt,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy,* for the state.

HOLCOMB, J.

The defendant in the court below was prosecuted for selling intoxicating liquors without having a license therefor as required by law.  The information contained several counts of alleged different sales, on two of which he was convicted after a trial to the court and jury on a plea of not guilty.  He was adjudged to pay a fine of $200 on one of the counts on which he was found guilty, and $100 on the other, and the costs of the prosecution.  To secure a reversal of the judgment thus imposed he brings the case to this court by proceedings in error.

It is practically admitted that the defendant made the sales charged and the defense interposed that the liquor sold is what is denominated "malt mead," being a "soft" or "temperance" drink as expressed by him, and non-intoxicating.  He was engaged in conducting "a temperance saloon," selling, as is contended, only non-intoxicating drinks, cigars, etc.  Among the refreshing drinks he dispensed to his thirsty patrons was a liquor put up in quart bottles, and labeled "Malt Mead," which he claims he sold at the time the unlawful sales charged were made, and that such liquor was not intoxicating, and did not contain in it a percentage of alcohol sufficient to intoxicate.  It also appears from the evidence that besides the malt mead, which was contained in bottles labeled as such, the defendant dispensed liquors from unlabeled quart bottles of which he had a barrel or more, and which it was testified was the liquor sold which was charged in the information, and that it was beer, and intoxicating.  At the time of the

arrest of the defendant the liquors then in his possession
were seized, and in the seizure was a barrel of bottled
liquors unlabeled and another barrel the bottles in which
were labeled "Malt Mead." The witnesses for the state
testified that the bottles purchased from the defendant,
for the illegal sales of which he was being prosecuted, had
no labels upon them. The jury were justified from the
evidence, from our view of the record, in finding that the
sales of liquor charged were other than malt mead, and
were, in fact, as testified, beer, and intoxicating. This find-
ing might properly be reached entirely aside from the
question of whether malt mead was an intoxicating liquor,
regarding which there seems to be a controversy. The evi-
dence warrants the conclusion that the unlabeled bottles
did not contain the same liquors as those labeled "Malt
Mead."

Of the alleged errors complained of it is contended the
trial court erred in overruling a motion for a continuance,
presented by the defendant at the term of court at which
he was tried and convicted. The term began December 17,
1900. On September 17 prior thereto the defendant was
arrested, charged with the offense for which he was tried,
and after a preliminary hearing was required to enter into
a recognizance for his appearance in the district court on
the first day of the next term to answer such charge. The
motion for a continuance was based on the allegation that
H. W. Wiley, of Washington, D. C., and Dr. P. Fisher, of
Milwaukee, Wis., were important witnesses on defendant's
behalf ; that they were practical chemists, and would tes-
tify that the kind of beverage which defendant was charged
with selling contained less than one and one half per cent.
of alcohol, and was not intoxicating; that he knew of no
other witnesses by whom he could prove the same facts,
and that since the preliminary examination he had written
to various parties for the testimony set out, and did not
find out until December 15 the names and locations of the
witnesses mentioned; that the witnesses, if given an op-
portunity to analyze malt mead, would testify that it was

not intoxicating. An additional affidavit was filed in support of the motion in which it is stated that the parties selling the liquors to the defendant, who resided in St. Joseph, Mo., were material witnesses, and would testify that at the time of sale they represented to the defendant that the malt mead sold was a temperance drink, and non-intoxicating, and contained less than one and one-half per cent. of alcohol, and that the liquors were purchased upon the representations so made. If such representations were in fact made as alleged and relied on they could hardly operate as a defense, if in fact intoxicating liquors were being sold in violation of law. We find no such abuse of discretion in the ruling of the trial court on the motion for a continuance as amounts to prejudicial error. The rule is firmly established that an application for a continuance is addressed to the sound discretion of the trial court and will not be disturbed, unless it appears that there has been an abuse of discretion. The defendant did not, in his application, show that he had used due diligence in procuring the desired testimony, nor did he show that the liquors sold, or the same kind, could not have been analyzed by other competent practical chemists easy of access and within the jurisdiction of the court, of whom, we are all cognizant of the fact, there are many. The materiality of the evidence is not satisfactorily shown. The affidavit was obviously intended to show that there was a brand of malt mead which, upon analysis, would be found to contain less than one and one-half per cent. of alcohol, and non-intoxicating. But the defendant made affidavit to no state of facts showing that the liquors purchased by him and then sold, for which he was charged with violating the law, are of that identical brand. The statement in the affidavit that if the absent witnesses had an opportunity to analyze the kind of liquor sold they would testify it contained less than one and one-half per cent. of alcohol, is a mere conclusion. What per cent. of alcohol the liquor sold or that of the same kind unsold contained, and whether or not it was intoxicating, was a matter which any competent prac-

tical chemist could determine upon analysis; and many of them could have been procured, if desired, within the state, and without the necessary time and expense to secure the testimony of those of the same profession in Washington or Wisconsin. The affidavit disclosed no reasonable probability of securing the testimony of the witnesses mentioned upon any material fact in issue in the case. Their testimony to the effect that a liquor called "malt mead," which was non-intoxicating, was brewed, and sold in the market, could avail the defendant nothing in the absence of any evidence connecting the liquors sold by him as of the same kind and quality.

In the motion for a new trial one of the grounds assigned was newly discovered evidence. The showing in support thereof consisted of what are purported to be the depositions of the witness Dr. P. Fisher heretofore mentioned, and another, holding a subordinate position, as analytic chemists of beers malted by the Pabst Brewing Company, of Milwaukee, Wis., in which they testify to the manufacture by that company of a liquor called "malt mead" and that it is non-intoxicating. What has been said regarding the materiality of the testimony spoken of in the affidavit for a continuance applies equally well to the motion for a new trial on the ground of newly-discovered evidence. As before stated, the jury were justified in finding that the liquor sold was not malt mead and was intoxicating; and, even though it be conceded that malt mead was a non-intoxicant, that fact need not necessarily and probably would not change the result in the event of a retrial. This of itself is sufficient to sustain the action of the trial court in overruling the application for a new trial on that ground. Another and insurmountable obstacle presents itself, which will not permit defendant's contention being sustained with respect to the ruling complained of, and that is, the affidavit in support of the motion is not incorporated in the bill of exceptions, but is found in the transcript of the record certified to only by the clerk of the district court, of which it legitimately forms no part. The

affidavits may very properly be disregarded altogether, and it follows that the court's ruling is conclusively presumed to be correct and in consonance with the evidence pertaining to the matter.

It is next argued that error was committed in the ruling of the trial court on a challenge by the defendant to the array of jurors selected for that term of court and in overruling the challenge so made. The objection to the list of names or panel of jurors selected to serve during that term of court was based on the claim that in selecting the names from which to draw those required to be summoned to serve as jurors during the regular term of court the county commissioners selected the names of several persons who had served on the regular panel or as talesmen within two years next preceding the term at which the defendant was tried, and that of those drawn to serve at such term there were but nineteen who had not previously and within two years performed jury duty in that court. The objection is untenable. While the fact of the service of a juror within two years in the same court is a good ground for challenge for cause, and while it is the duty of the county commissioners so far as is practicable to select those against whom this objection can not be urged, the fact that five of those thus selected are disqualified to serve if objection be interposed on that ground is no sufficient reason for sustaining a challenge to the entire panel.

It is also contended that the court erred in admitting the testimony of an expert witness, a chemist, who testified in behalf of the state as to the result of a chemical analysis of the liquor contained in unlabeled bottles found in a barrel in defendant's possession at the time of defendant's arrest and the seizure of the liquors spoken of, and who testified that the contents of the bottle analyzed was a heavy beer, containing about five per cent. of alcohol, and was intoxicating. It is claimed there is no evidence showing any relation or connection between the liquor analyzed and that sold by defendant some fifteen days prior to the time of seizure. The liquor appeared to be the same and

was contained in similar unlabeled bottles, and there is direct evidence by witnesses for the state tending to prove that it was the same kind and quality, and tasted the same, and was intoxicating, as was that sold for which the defendant was being prosecuted. Whether or not it was the same kind and quality of liquor as that sold was a proper question of fact for the jury under the evidence, and no error was committed by the introduction of the testimony objected to.

It is also argued that the trial court erred because it failed to give to the jury a cautionary instruction with reference to their consideration of the testimony of certain witnesses on behalf of the state who had been employed as detectives for the purpose of securing evidence of defendant's violation of the law by selling intoxicating liquors without being licensed so to do. Since no request was made for an instruction of the nature mentioned, no error was committed because of a failure to instruct on that point.

Some other objections are presented and argued which have been examined and found not well taken, and which are not deemed worthy of a more extended discussion.

Lastly, it is argued that the evidence is insufficient to support the verdict. The sale charged was admitted, and there is direct and positive evidence that it was an intoxicating liquor, that it was beer with the intoxicating qualities commonly attributed to that liquor, and that it did in fact intoxicate those purchasing and using it. While there was a determined effort to make it appear that the liquor sold was what is termed "malt mead," which is, perhaps, a milder drink than beer is commonly regarded to be, and while there is a conflict in the evidence on that point, and whether malt mead is intoxicating, it was for the jury to determine the credibility of the several witnesses and the weight to be attached to the testimony of each and all of them; and their finding will not be disturbed merely because the evidence is conflicting. Their verdict is supported by ample competent evidence, and can not rightfully be overturned.

The defendant's guilt having been established in the mode prescribed by law, the judgment of the trial court should be permitted to stand, and the same is accordingly

AFFIRMED.