## TOM CURTIS V. STATE OF NEBRASKA.

### FILED DECEMBER 18, 1914.   NO. 18,745.

1. **Criminal Law:** VERDICT: CONFLICTING EVIDENCE. Where the evidence is conflicting, it is the province of the trial jury to pass upon the testimony, and, unless the finding is clearly wrong, it is final. This rule applies with equal force to the testimony in a criminal prosecution as in a civil suit.

2. **Robbery:** SUFFICIENCY OF EVIDENCE. The evidence is *held* sufficient to sustain the verdict. ·

3. **Criminal Law:** INSTRUCTIONS: FAILURE TO DEFINE LESSER OFFENSE. "In a prosecution for a felony, error cannot be predicated upon the failure of the trial court to define a lesser offense included in the crime charged, unless requested so to do." *Barr v. State*, 45 Neb. 458.

4. ———: ———: INTOXICATION OF ACCUSED. The same rule must be applied when the evidence establishes the fact of the intoxication of the accused and no instruction was requested upon that point.

ERROR to the district court for Dakota county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*J. J. McAllister* and *George W. Leamer,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

REESE, C. J.

Plaintiff in error, who, for convenience, will hereafter be referred to as defendant, was convicted in the district court for Dakota county of the crime of robbery. He alleges error, and brings the cause to this court for review by proceedings in error.

The information is in the usual form, charging that defendant and one John Gill on the 27th day of October, 1913, robbed John R. Deater of a purse, of the value of 25 cents, and four $20 bills, currency of the United States, the property of the said John R. Deater. The parties ac-

cused were granted separate trials, and defendant was first placed upon trial, which resulted in a verdict of guilty, with judgment and sentence as above indicated.

The theory of the prosecution, as shown by the testimony of witnesses on the part of the state, was that defendant and Gill met Deater in the city of Sioux City, Iowa, and all drank intoxicating liquors until all became highly intoxicated, when they, with one or two others, left Sioux City and came to South Sioux City, in this state, intending to engage in a more degrading debauch in the latter town in visiting houses of prostitution in that neighborhood; that they rode upon street cars to near where they desired to alight, but by some means they failed to leave the car at the desired place for leaving the street car line; that at South Sioux City they entered saloons and completed the filling up process until all were beastly drunk; that after leaving the street car they sought to reach their destination by walking on the public highway; that after following the road some distance defendant and Gill assaulted Deater, got him down, and robbed him of something like $80, left him lying in the road, jumped over a nearby fence, entered a cornfield, where they were soon out of sight, and temporarily made their escape, being captured that evening not far distant from the neighborhood of the alleged crime. It seems that Deater had succeeded in making the regulation fool of himself by his drinking, making himself obnoxious to the Sioux City saloon-keepers by singing in the saloons to such an extent that he, with his associates, had been requested to be less noisy or leave the saloon. It is said that in his intoxication he displayed quite a roll of bills, declared that he was the son of the late Jesse James, and indeed and in fact a wonderful character. He was about 22 years of age, while defendant was about 28 and Gill about 30.

It could serve no good purpose here to recount the facts testified to by the state's witnesses, as there was a conflict upon every material feature of the case, the state's witnesses being flatly contradicted in many particulars, yet, if the state's witnesses testified to the truth, there was

Curtis v. State.

amply sufficient evidence to sustain the verdict. It is well understood by the profession that, where there is a conflict, it is the province of the jury to weigh the evidence and pass on the questions of fact presented. We are satisfied with the verdict, and cannot reverse the judgment on the ground of the insufficiency of the evidence.

Of the errors of law relied upon for a reversal of the judgment, the first is that the district court erred in not instructing the jury that they might find defendant guilty of larceny from the person, or of any one or more of the forms of criminal assault included in the crime charged in the information. It is scarcely necessary to examine this question, for the reason that error cannot be predicated thereon without having called the attention of the trial court to the subject by some form of request for such a charge, and that the better rule is that suitable instructions be prepared and submitted to the court, thereby obtaining a ruling thereon, which, if adverse, would constitute a foundation for review.

The second ground discussed in the brief is that the court erred in not giving an instruction advising the jury on the question of the intoxication of the defendant as affecting criminal intent or as affecting the degree of the offense charged and as an excuse for the crime alleged. Here we are met with the same objection as in the former assignment. No request for an instruction upon that subject was made. The rule is well settled in this state. *Barr v. State,* 45 Neb. 458, and cases there cited. Both contentions are without merit.

Finding no reversible error in the judgment and sentence of the district court, they are

AFFIRMED.

FAWCETT and SEDGWICK, JJ., not sitting.