STATE v. JAMES M. HOFFMAN AND ANOTHER.[1]

December 4, 1925.

Nos. 24,987, 24,988.

**What information must state to subject accused to increased penalty for illegal sale of liquor.**

In a criminal prosecution for a violation of the statute with reference to the illegal sale of intoxicating liquor, in order to subject the accused to an increased penalty under the provisions of section 3225 (a), G. S. 1923, the information must show the previous conviction was had under chapter 455, L. 1919 as amended.

See Indictments and Information, 31 C. J. p. 735, § 283; p. 735, § 283 (Anno).

Upon informations of the county attorney James M. Hoffman and Matilda Hoffman were charged in the district court for Goodhue county with unlawfully selling intoxicating liquor, tried before Johnson, J., and a jury and found guilty as charged. Defendants' motions in arrest of judgment were overruled and the court certified the questions quoted in the opinion. Remanded.

*Albert Mohn* and *F. M. Wilson,* for defendants.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Theodore N. Ofstedahl,* County Attorney, for the state.

[1]Reported in 206 N. W. 389.

QUINN, J.

On March 9, 1925, the county attorney of Goodhue county made and filed two separate informations, one against James M. Hoffman and one against Matilda Hoffman, each charging the accused therein named, with the illegal sale of intoxicating liquor on the twenty-eighth and twenty-ninth days of November, 1924, respectively. In each information, following the charge of the illegal sale of intoxicating liquor, appears an averment, except as to name of the accused and date of conviction, as follows:

"And he, the said James Hoffman, above named, having been on the 22d day of October, A. D. 1923, in said court, duly convicted of the crime of illegally selling intoxicating liquor."

The two cases were tried together as one. When they were called for trial, and before any proof was offered, each of the defendants moved the court to strike out of the informations the averments relating to a previous conviction of a similar offense. The motions were denied and the trial proceeded. The jury found both defendants guilty and included in each verdict a finding that the accused had been previously convicted of a similar offense. Each of the defendants then moved in arrest of judgment. The motions were overruled and the court then certified to this court the following questions:

"1. Are the allegations in the information sufficient to charge that the defendant had been on the 22d day of October, 1923, convicted of the illegal sale of intoxicating liquor as charged in the information, under Section 3225, General Statutes of Minnesota for 1923?

"2. If the Supreme Court shall answer the first question in the negative will the verdict of guilty be sustained as to the sale of liquor on the 28th day of November, 1924, as alleged in the information?"

This prosecution is under section 3225 (a), G. S. 1923. In order to subject an accused person to an increased penalty on account of a second or subsequent offense, it must be alleged in the information

or indictment that a prior conviction was had under the same section of the statute as is the present prosecution, and to have a verdict against the defendant upon the prior conviction of the same offense as the one upon which the present prosecution is based. In other words, the information in the instant case should allege that a prior conviction for the identical offense charged was a violation of chapter 455, p. 537, L. 1919 as amended.

There are several statutes in this state embracing the illegal sale of intoxicating liquor. The information, as framed, may refer to the violation of one of such laws which did not come within the meaning of chapter 455, p. 537, L. 1919, as amended. The failure of the information to state that the prior conviction was for a violation of the identical statute, made the basis of the present charge, renders it insufficient to permit an increased penalty for a second offense and therefore the first question certified must be answered in the negative. State v. Brendeke, 158 Minn. 239, 197 N. W. 273.

The language in the present information of a previous conviction may be regarded as surplusage. The record is not before us. Unless there was evidence offered under such allegation which the trial court deems prejudicial to the rights of the accused, the verdict of guilty should be sustained. With this limitation, we answer the second question certified in the affirmative.

Remanded.