## STATE v. WILLIAM K. OSWALD.[1]

July 30, 1926.

No. 25,400.

**Challenge to the panel of jurors.**
1. A challenge to the panel of jurors will not lie unless the objection affects the entire panel.

**Verdict sustained.**
2. The verdict is sustained by the evidence.

**Information sufficiently charges previous conviction for similar offense.**
3. The information charged with sufficient certainty that defendant had previously been convicted of a similar violation of the same law.

Indictments and Informations, 31 C. J. p. 735 n. 75.
Intoxicating Liquors, 33 C. J. p. 764 n. 1.
Juries, 35 C. J. p. 374 n. 56.

See note in 68 L. R. A. 871; 16 R. C. L. p. 240; 3 R. C. L. Supp. p. 553.

Defendant was convicted in the district court for Carlton county, Kenny, J., of the crime of selling intoxicating liquor potable as a beverage. Defendant appealed from an order denying his motion for a new trial. Affirmed.

*G. V. Barron*, for appellant.

*Clifford L. Hilton*, Attorney General, *James E. Markham*, Deputy Attorney General, and *Victor J. Michaelson*, County Attorney, for respondent.

TAYLOR, C.

Defendant was convicted in the district court of Carlton county of selling intoxicating liquor potable as a beverage, and appeals from an order denying a new trial.

Three questions are presented:

[1]Reported in 210 N. W. 65.

1. When the cause was called for trial in June, 1925, defendant interposed a challenge to the panel of petit jurors on the ground that three of the persons included in the jury list for the year 1925 had also been included in the jury list for the year 1924 and had served as jurors in that year. This challenge was disallowed and defendant urges the ruling as error. Section 9468, G. S. 1923, applicable to Carlton county, provides that the county board shall make a list each year of 144 qualified voters to serve as petit jurors, and that "no person shall be included in two successive annual lists." Section 10730, G. S. 1923, provides:

"A challenge to the panel is an objection made to all the petit jurors returned, and may be taken by either party. It can be founded only on a material departure from the forms prescribed by law in respect to the drawing and return of the jury."

A challenge to the panel of jurors will not lie unless the objection affects the entire panel. The fact that the names of some of the jurors should not have been placed on the jury list for the reason that they had served as jurors in the preceding year was not a ground for a challenge to the panel, although it may have been a ground for a challenge to the individual jurors. Gibson v. State, 89 Ala. 121, 8 South. 98, 18 Am. St. 96; Arp v. State, 97 Ala. 5, 12 South. 301, 19 L. R. A. 357, 38 Am. St. 137; People v. Durrant, 116 Cal. 179, 48 Pac. 75; People v. Searcey, 121 Cal. 1, 53 Pac. 359, 41 L. R. A. 157; Trustees of Schools v. Griffith, 263 Ill. 550, 105 N. E. 760, Ann. Cas. 1914D, 1136; Com. v. Chance, 174 Mass. 245, 75 Am. St. 306; Kerr v. State, 63 Neb. 115, 88 N. W. 240; also cases cited in note in 68 L. R. A. 882. See also State v. Cooley, 72 Minn. 476, 75 N. W. 729, 71 Am. St. 502. The challenge was correctly disallowed. Of the three jurors in question only one was called in this case. Defendant made no objection to him, but he was excluded peremptorily by the state.

2. Defendant claims that the verdict was contrary to the evidence. Three witnesses testified for the state in respect to the sale, and if their testimony was true there is no doubt that defendant made the sale charged. Defendant denied making the sale and

presented testimony tending to show that he was not at the pool-room where the state's witnesses said that the sale was made at the time they stated that it was made. The conflicting claims were correctly submitted to the jury, and the evidence to sustain their verdict is ample.

3. The information charges that at a specified time and place:

"William K. Oswald did unlawfully and wrongfully sell intoxicating liquors potable as a beverage to one Richard Johnson, said sale being the second of such offenses, he, the said William K. Oswald, having been on the 3rd day of May, 1924, duly convicted in the district court of Carlton county, Minnesota, of the crime of selling intoxicating liquors potable as a beverage."

Defendant claims that the above averment fails to charge that the former conviction was for violating the same law that he is now charged with violating, and cites State v. Hoffman, 165 Minn. 220, 206 N. W. 389, in support of this contention. It will be noted that this information differs from that considered in the Hoffman case. In substance, it alleges a sale of "intoxicating liquors potable as a beverage" as the offense, and that such sale was "the second of such offenses," the accused having been duly convicted on May 3, 1924, "of the crime of selling intoxicating liquors potable as a beverage." We are of opinion that the statement, "said sale being the second of such offenses," taken in connection with the fact that this prosecution is for a violation of the act as amended (G. S. 1923, § 3225), and that the expression, "potable as a beverage," used in defining the offense, is found only in that act, shows with sufficient certainty that the prior conviction was for a similar violation of the same law.

The order appealed from must be and is affirmed.