HENRY MULDER, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

42 N. W. 2d 858

Filed June 8, 1950. No. 32747.

*Herbert W. Baird,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Walter E. Nolte,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

An information charged that plaintiff in error, hereinafter called defendant, committed an assault with intent to do great bodily injury. Upon a plea of not guilty he was tried to a jury and found guilty as charged. The trial court overruled his motion for new trial and sentenced him to imprisonment for a year in the penitentiary.

Thereupon defendant prosecuted error to this court, assigning substantially that the trial court prejudicially erred: (1) In receiving in evidence, over objections of defendant, photographs of complainant which reflected his disabled condition after the alleged assault; (2) in giving instruction No. 10; (3) in failing, upon its own motion, to instruct upon the lesser offenses included in the crime charged; and (4) that there was prejudicial and incurable misconduct by the county attorney in argument to the jury. We conclude that the assignments have no merit.

Defendant conceded the sufficiency of the evidence to sustain the verdict and it will not be recited herein except insofar as may be necessary to clarify disposition of errors assigned.

Over general objections, rather gruesome photographs of complainant, taken by police officers almost immediately after the assault, were received in evidence. They concededly reflected complainant's then physical appearance, injuries, and disabilities. Numerous State witnesses, including complainant and his physician, as stated in defendant's brief, "testified to these injuries and described them in clarifying detail." Complainant's wife described his injuries as she observed them, and referred to the photographs to clarify her testimony.

An examination of the record discloses that ample foundation was laid for admission of the photographs, and the gravity of complainant's injuries resulting from the alleged assault was a material element or controverted issue in the State's case to establish defendant's intent to do great bodily injury.

In Vaca v. State, 150 Neb. 516, 34 N. W. 2d 873, this court held: "A photograph proved to be a true representation of the person, place, or thing which it purports to represent, is competent evidence of anything of which it is competent and relevant for a witness to give a verbal description.

"Where a photograph illustrates or makes clear some controverted issue in the case, a proper foundation having otherwise been laid for its reception in evidence, it may properly be received, even though it may present a gruesome spectacle." See, also, Knihal v. State, 150 Neb. 771, 36 N. W. 2d 109. We conclude that the first assignment of error has no merit.

Without citation of any supporting authority, defendant quoted from only a part of a sentence in instruction No. 10, and therefrom argued that the instruction was prejudicially erroneous. It is elementary that in passing upon the validity of part of an instruction, it must be

considered not only in the light of all the language used in the particular instruction of which it is a part, but also all other instructions given by the trial court. In doing so, we conclude that the instruction was not in any manner prejudicially erroneous. To quote its provisions at length herein would serve no purpose.

No instructions were given by the trial court upon the lesser included offenses of assault, or assault and battery. None were requested by defendant. Concededly the rule applicable in this jurisdiction is that in a prosecution for a felony, error cannot be predicated upon the failure of the trial court to define or instruct upon lesser offenses included in the crime charged, unless requested so to do. Barr v. State, 45 Neb. 458, 63 N. W. 856; Curtis v. State, 97 Neb. 397, 150 N. W. 264; Haynes v. State, 137 Neb. 69, 288 N. W. 382; Guerin v. State, 138 Neb. 724, 295 N. W. 274.

In other words, in the absence of requested instructions upon the subject, it is not error for a trial court, in a criminal case, to fail to instruct upon lesser included offenses. However, defendant argued that this court should change the rule. He suggested no logical reason for so doing, and we have found none. We therefore adhere to the rule, and conclude that the third assignment of error has no merit.

Finally, we turn to defendant's contention that there was prejudicial and incurable misconduct by the county attorney in arguing to the jury the possibility of an offense other than the one charged, by saying in effect that defendant was the luckiest man in the world that complainant did not die, and in arguing matters of punishment by saying in effect that the jury should not worry about the sentence because the court had the power to parole defendant.

With regard to the first purported statement, concededly defendant's objection thereto was sustained and the jury was told to disregard it, thereby correcting the error, since it could not be said to have violated the

fundamental rights of defendant. Argabright v. State, 62 Neb. 402, 87 N. W. 146; Swartz v. State, 118 Neb. 591, 225 N. W. 766. No objection whatever was made by defendant to the latter more flagrant statement during the trial.

On the other hand, as shown by the transcript, both such matters of alleged misconduct were factually urged by affidavit filed in support of defendant's motion for new trial. However, such affidavit was never offered in evidence and does not appear in the bill of exceptions. The alleged misconduct of a county attorney may be sustained by affidavits. § 29-2102, R. R. S. 1943. Nevertheless, it is of no avail to attach the affidavits to a motion for a new trial made a part of the transcript. They must be offered and received in evidence to support the contention, and as such made a part of the bill of exceptions.

Wright v. State, 45 Neb. 44, 63 N. W. 147, presented a situation comparable with that at bar. In that opinion it was said: "It is the settled rule of this court that affidavits used on the trial of issues of fact must be preserved in the form of a bill of exceptions in order to be available to the complaining party on appeal or petition in error." See, also, Connolly v. State, 74 Neb. 340, 104 N. W. 754; 24 C. J. S., Criminal Law, § 1686, p. 339. The rule has application in this case, and the fourth assignment of error has no merit.

For the reasons heretofore stated, we conclude that the judgment should be and hereby is affirmed.

AFFIRMED.