DAVID-DARLINGTON, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.
44 N. W. 2d 468

Filed October 31, 1950.    No. 32881.

*Carl E. Sanden,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Walter E. Nolte,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, and BOSLAUGH, JJ.

BOSLAUGH, J.

David Darlington, defendant and plaintiff in error, was convicted of the crime of assault with intent to commit rape, and was adjudged to be confined in the Nebraska State Reformatory. By these proceedings he seeks to have the conviction and sentence vacated.

It was charged by the State that on March 18, 1950, defendant, more than 18 years of age, in Lancaster County, Nebraska, made an assault on a female child 16 years of age, previously chaste and not related to him, with intent to feloniously and forcibly rape her.

Complaint was made against him in the municipal court on March 22, 1950. He waived hearing, was bound over for trial, and an information was filed in district court on March 31, 1950. He was on April 4, 1950, arraigned, pleaded not guilty, and April 10, 1950, was by the court fixed as the time of the commencement of the trial of the charge against him. On that date, before the jury was impaneled, defendant by motion supported by affidavits requested that time of trial be postponed for a period from 30 to 60 days for the reason that he or his counsel had not had sufficient or reasonable time to prepare for the trial of the case, and that additional time was required to procure material evidence essential to a proper defense of defendant. The court denied the

motion for a continuance and proceeded with the trial forthwith at the time previously designated. Defendant was admitted to bail on March 22, 1950, and has since been at liberty.

The only assignment of error made is that the district court erred in denying the motion of defendant for a postponement of the time of the trial.

Defendant insists that the prosecution was pressed forward to a conclusion with unauthorized and prejudicial haste. The area requested by him to be explored by the court in this case is defined by his declarations that the review in this court is not directly concerned with his guilt or innocence of the crime charged against him "* * * but is concerned with the unjustified speed with which the defendant was forced into trial," and that he "is not basing his plea on the merits of his defense, but on the deprivation of his right to properly prepare his defense * * *."

The law does not specify any length of time that must elapse between the filing of an information or indictment and the commencement of the trial of a defendant in the district court for the crime charged therein against him, except that a defendant may not without his consent be arraigned or required to answer an information or indictment until at least one day shall have elapsed after he has received a copy thereof. §§ 29-1604 and 29-1802, R. R. S. 1943; Barker v. State, 54 Neb. 53, 74 N. W. 427; Hoctor v. State, 141 Neb. 329, 3 N. W. 2d 558; Duggan v. Olson, 146 Neb. 248, 19 N. W. 2d 353, certiorari denied 327 U. S. 790, 90 L. Ed. 1016, 66 S. Ct. 803. See, also, Maher v. State, 144 Neb. 463, 13 N. W. 2d 641, certiorari denied 323 U. S. 757, 89 L. Ed. 606, 65 S. Ct. 91. It is the requirement of law that every person accused of crime should be afforded reasonable opportunity to secure witnesses and evidence and appropriate time to prepare for trial. This is a substantial and valuable right and should be respected. Hubbard v. State, 65 Neb. 805, 91 N. W. 869; Dolen v. State, 148

Neb. 317, 27 N. W. 2d 264; Powell v. Alabama, 287 U. S. 45, 77 L. Ed. 158, 53 S. Ct. 55, 84 A. L. R. 527; 14 Am. Jur., Criminal Law, § 172, p. 886.

An application for a continuance is necessarily, from what has been said, addressed to the discretion of the trial court, and, in the absence of abuse of discretion disclosed by the record, a denial of the application does not constitute error. Absence of the exercise of a proper discretion or of prejudice to the party complaining of the denial of the request for postponement of time of trial will not be presumed but must be shown by him. Maher v. State, *supra*. The mere fact that a criminal case is disposed of in the district court with great promptness and unusual dispatch, over the objection of a defendant, who is displeased with the result of the trial, does not in itself establish abuse of discretion by the court or prejudice to the rights of the defendant. Hubbard v. State, *supra*.

The evidence intended to sustain the allegations of fact in the motion for continuance made by defendant was not preserved, authenticated, and lodged in this court as required by the rule of practice so that the court is permitted or authorized to consider it. The affidavits attached to and filed with the motion, intended as evidence to support statements made therein, are included in the transcript of which they are not legally or legitimately a part, but they are not included in the bill of exceptions, and the record does not disclose that they were offered or received in evidence in the district court on the hearing of the motion therein. It has long been a mandatory requirement in this jurisdiction, recently again stated by this court, that affidavits used as evidence on the hearing or trial of any issue of fact must have been, as a prerequisite to examination of them in this court, identified and offered in evidence in the trial court and embodied in a bill of exceptions. Wright v. State, 45 Neb. 44, 63 N. W. 147; Connolly v. State, 74 Neb. 340, 104 N. W. 754; Parker

v. State, 76 Neb. 765, 108 N. W. 121; Mulder v. State, 152 Neb. 795, 42 N. W. 2d 858. In the last case it is said: "On the other hand, as shown by the transcript, both such matters of alleged misconduct were factually urged by affidavit filed in support of defendant's motion for new trial. However, such affidavit was never offered in evidence 'and does not appear in the bill of exceptions. * * * it is of no avail to attach the affidavits to a motion for a new trial made a part of the transcript. They must be offered and received in evidence to support the contention, and as such made a part of the bill of exceptions." Applicable and conclusive of the contention of defendant is Kerr v. State, 63 Neb. 115, 88 N. W. 240: "Affidavits in support of an application for a continuance * * * not made a part of the bill of exceptions and found only in the transcript of the record certified by the clerk of the trial court, are not properly presented to a reviewing court for consideration in determining whether the lower court correctly ruled on such application." The condition of the record deprives this court of the right or power to review any evidence considered by the trial court on the hearing of the motion of the defendant for a continuance. The order of the district court disposing of the motion is in this situation conclusively presumed to be correct. Kerr v. State, *supra*. All presumptions exist in favor of the regularity and correctness of the orders and judgments of courts of general jurisdiction, and he who asserts the contrary is required to establish the alleged defect or error by an exhibition of the record. Salisteam v. State, 115 Neb. 838, 215 N. W. 107, 53 A. L. R. 1057; Wright v. State, *supra*.

The judgment of the district court should be, and it is, affirmed.

AFFIRMED.