LAVERN WOLFF, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.
108 N. W. 2d 410

Filed March 31, 1961. No. 34946.

F. W. Carstens, for plaintiff in error.

Clarence A. H. Meyer, Attorney General, and Melvin K. Kammerlohr, for defendant in error.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, and BOSLAUGH, JJ.

BOSLAUGH, J.

The plaintiff in error, hereinafter referred to as the defendant, was charged with assault and battery in the district court for Gage County, Nebraska. Upon arraignment the defendant, who was represented by counsel, pleaded guilty. A presentence hearing was held and evidence was taken. This is the only evidence which appears in the bill of exceptions. At the conclusion of the hearing the defendant was sentenced to imprisonment in the county jail for 130 days and ordered to pay the costs of the prosecution.

Thereafter a motion for new trial alleging error in the "trial" of the defendant was filed. Later a second motion for new trial upon the ground of newly discovered evidence was filed. The affidavit of a person who resided near the place where the assault occurred was attached to the second motion. Both of the motions for new trial were overruled.

The defendant's assignments of error are that the judgment of the trial court is contrary to the evidence and the law, and that the court erred in overruling the motion for new trial upon the ground of newly discovered evidence.

The defendant in this case entered a plea of guilty to the crime charged. In Stewart v. Ress, 164 Neb. 876, 83 N. W. 2d 901, the court said: "Accused, by making a plea of guilty, waives all defenses except that the complaint or information is not sufficient to charge an offense. Such a plea makes a jury trial or any trial unnecessary. A plea of guilty accepted by the court is a conviction or the equivalent of a conviction of the highest order. The effect of it is to authorize the imposition of the sentence prescribed by law on a verdict of guilty of the crime charged. Martin v. Sanford, 129 Neb. 212, 261 N. W. 136, 100 A. L. R. 179; Duggan v. Olson, 146 Neb. 248, 19 N. W. 2d 353, certiorari denied 327 U. S. 790, 66 S. Ct. 803, 90 L. Ed. 1016;

Taylor v. State, 159 Neb. 210, 66 N. W. 2d 514; Lingo v. Hann, 161 Neb. 67, 71 N. W. 2d 716."

The defendant does not contend that the information is not sufficient to charge an offense. It is also clear that the sentence imposed is authorized by the statute. § 28-411, R. R. S. 1943. The defendant's first two assignments of error are without merit.

A new trial in a criminal case may be granted for newly discovered evidence which is competent, material, and credible, which might have changed the result of the trial, and which the exercise of due diligence could not have discovered and produced at the trial. §§ 29-2101, 29-2103, R. R. S. 1943; Gates v. State, 160 Neb. 722, 71 N. W. 2d 460. It is necessary that the evidence presented at the hearing on the motion be preserved in a bill of exceptions if the ruling of the trial court on the motion is to be presented for review. Holt v. State, 62 Neb. 134, 86 N. W. 1073; Wright v. State, 45 Neb. 44, 63 N. W. 147. It is not sufficient to attach the affidavit to the motion which is made a part of the transcript. Mulder v. State, 152 Neb. 795, 42 N. W. 2d 858.

The bill of exceptions in this case does not show what, if any, evidence was presented to the trial court at the hearing on the motion for new trial. Thus, there is no basis for a review in this court of the ruling of the trial court upon this motion.

The judgment of the trial court is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.