## THE STATE, EX REL. BATTLE.

1. After a Circuit Court has disposed of the business before it, it need not continue its session until the expiration of the term as limited by law, although a jury may be deliberating upon their verdict in a criminal prosecution for a capital offence ; in such case the Court is only bound to afford a reasonable time for the jury to agree upon a verdict ; and if the record does not show the reverse, it will be in-tended that the session continued thus long.

2. Where a prisoner will not appear in Court to hear the verdict which the jury announce themselves ready to render, the Court may order a mistrial ; and a di-rection to them to erase their verdict, as it has no other effect than the mistrial itself, cannot prejudice the prisoner ; and consequently he can claim no advan-tage of it.

THE petitioner sets forth that he was indicted in the Circuit Court of St. Clair, at the Spring term, 1842, for an assault on James Kennedy, with the intent to kill and murder.  At the term holden in the Fall of that year he was put upon his trial on that indictment—that the jury which had the case in charge being unable to agree, the presiding Judge, without any au-thority therefor discharged them, on Friday the fifth day of the Court and before the expiration of the term.

At the Spring term, 1844, the petitioner moved the Circuit Court to discharge him for the cause above stated, but this

motion was overruled, and he was again put upon his trial. The jury to whom his case was again submitted, announced that they had agreed upon a verdict, which the Court did not receive, but directed the jury to erase their verdict. Petitioner refers to the certified copy of the record of the cause for the truth of what he alledged, and prays that a *mandamus,* or a rule *nisi* for that purpose, may be awarded to the Circuit Court, and such proceedings had as shall result in his discharge.

The entry made of the first trial recites the submission of the cause to the jury in usual form, who, it is stated, "having considered all and singular the premises, say they cannot agree as to the verdict they shall render; and it appearing to the Court here now, that it is absolutely necessary that the jury be discharged, for that the term of this Court is now closed. It is therefore considered by the Court, that the said jury be discharged, and that this cause stand for trial at the next term of this Court."

At the Spring term, 1844, the discharge of the petitioner was moved for, upon the ground that his case had been irregularly withdrawn from the jury at the Fall term of 1842; but the motion was overruled, and the petitioner again put upon his trial.

The entry made of the second trial affirms that the jury did "return into Court and announce to the Court that they had agreed upon the verdict they will render. Thereupon the said defendant, Obadiah Battle, being called into Court to be present and hear the verdict of the jury aforesaid, and abide such order as shall be made in the premises, came not, but made default. And it appears to the Court that the defendant has fled. And the defendant's counsel now here, move the Court to receive the verdict aforesaid, of the jury aforesaid, which motion was refused by the Court, the defendant not being present. And it appearing that the hour of twelve o'clock at night, on Saturday night has arrived, at which hour the time allowed by law for the sitting of this term of this Court expires, the defendant not having appeared in Court, said jury retired. The Court directs the jury aforesaid to erase their verdict aforesaid, and return the indictment to the Court, which is done: And the jury aforesaid, at the hour aforesaid, are discharged, And it is ordered that this case stand for trial, &c."

S. F. RICE, for the petitioner, argued the points made, in the petition, and cited Ned v. The State, 7 Porter's Rep. 187; Burns v. The State, 5 Ala. Rep. 227; 6 Id. 193.

THE ATTORNEY GENERAL, contra.

COLLIER, C. J.—In respect to the first ground on which the petitioner prays a *mandamus,* we would remark that in our judgment it assumes too much. It supposes that a Court must continue its session up to the very last moment of the term which the law has prescribed for its limitation, before it is permissible to discharge a jury who affirm that they cannot agree upon a verdict; and this too, although all other business before the Court may be disposed of. The terms of most of the Circuit Courts are limited, that is, have a certain time given, within and beyond which they shall not discharge the business assigned to them as Courts. But there is no obligation upon a Judge to continue his Court in session after he has disposed of the business before it, more than a reasonable length of time, to receive the verdict of a jury to whom a criminal cause has been committed, and who report their inability to agree. If the law were otherwise, there could be no final adjournment, until the last moment of the last day of the term, without a discharge of an offender whose case was before a jury undetermined. And as some of our Courts have no other limitation than from the Spring term to the Fall riding, or *vice versa,* these must necessarily be kept open for months to await the deliberations of a jury in such a case. We are satisfied that the law does not impose such a duty upon the Judge.

From the condition of the record, we would infer, if necessary, that although the petitioner's case was submitted to the jury on Friday, and they were discharged on that day, yet a reasonable time was afforded them for deliberation before the adjournment of the Court. The affirmation upon the record that such was the fact need not have been made, it is enough that the reverse is not shown. The case of Burns v. The State is unlike the present. There the prosecutor was taxed with the costs by the Circuit Court, without assigning a cause for such an order, and it was here held that as the statute only conferred the power to tax the prosecutor with costs, where

the prosecution appeared to the Court to be frivolous or malicious, an order for that purpose should affirm that such was the fact.

In the State y. Hughs, 2 Ala. Rep. 102, we determined that the verdict of guilty in a case capitally punished could not, if adverse to the prisoner be received in his absence, but if it was, he should not be discharged, but might be tried *de novo*. This case is one of a lower grade of offence, yet we apprehend, that if a party in a case like the present, submit his case to a jury and escape, that the Court are not bound to receive their verdict in his absence. It cannot be intended that the jury had agreed to acquit the petitioner, but if any presumption was indulged, it should be adverse to him, as he sought safety in flight. Be this as it may, as the petitioner was not forthcoming to abide the judgment of the Court, it is entirely proper to order a mistrial. The discharge of the jury, had the effect to vacate their finding, and an order to "erase" it, was an act of supererogation, which did not prejudice the petitioner, and he can consequently derive no benefit from it.

The consequence is, that the prayer of the petitioner is denied, without stopping to inquire whether if the grounds stated in the petition were well founded, the remedy by *mandamus* would be proper.