### COMMONWEALTH *vs.* DENNIS McCARTHY.

Norfolk.   January 28, 1895. — May 22, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Right of Person indicted for Felony to be present when Verdict is rendered.*

While it is a right of the defendant indicted for a felony to be present when the verdict is rendered as well as during the earlier parts of the trial, and while it is irregular to begin the trial without his presence, yet if he is on bail and is present at the commencement of the trial, and afterwards voluntarily departs without leave and is absent when the verdict is returned, he may be defaulted and a verdict which will be binding upon him may be taken in his absence.

KNOWLTON, J.  The defendant was indicted and tried for larceny in a building.  He was on bail, and it must be assumed that he was present during the trial all the time until after the jury had retired to consider the case, when he voluntarily went away and remained absent until after they had returned with their verdict.  He was then defaulted, and a verdict of guilty was received and recorded.  He afterward moved to set aside the verdict, on the ground that the court could not properly receive it in his absence.  This motion presents the only question in the case.

It is a general rule, both in England and in this country, that a trial for a felony cannot be had without the personal presence of the accused.  1 Co. Inst. 227 b.   3 Co. Inst. 110.   1 Chit. Crim. Law, (2d ed.) 635, 636.   *Rex* v. *Ladsingham,* T. Raym. 193; *S. C.* 2 Keb. 687, and Ventris, 97.   2 Hale P. C. 298–300.   4 Bl. Com. 375.   *State* v. *Hurlbut,* 1 Root, 90.   *People* v. *Perkins,* 1 Wend. 91.   *Sargent* v. *State,* 11 Ohio, 472.   *Jones* v. *State,* 26 Ohio St. 208.   *Prine* v. *Commonwealth,* 18 Penn. St. 103.   *State* v. *France,* 1 Overton, (Tenn.) 434, 436.   *Harriman* v. *State,* 2 Greene, (Iowa) 270.   *Cole* v. *State,* 5 English, (Ark.) 318.   *State* v. *Hughes,* 2 Ala. 102.   *State* v. *Battle,* 7 Ala. 259.   *Kelly* v. *State,*

3 Sm. & Marsh. 518. *State* v. *Cross*, 27 Mo. 332. *People* v. *Kohler*, 5 Cal. 72. The trial is not concluded until the verdict is received and recorded. *Maurer* v. *People*, 43 N. Y. 1, and cases above cited. In this Commonwealth we have a statute which embodies the same general rule. Pub. Sts. c. 214, § 10. See *Commonwealth* v. *Costello*, 121 Mass. 371. Under this statute, as well as at the common law, it may well be held that when a defendant is in custody under an indictment for a felony the verdict cannot properly be taken in his case without his personal presence, even if he has been in attendance in all previous stages of the trial, and that whether he is in custody or on bail the trial cannot properly be begun in his absence. But whether a defendant who is on bail, and who has been present during his trial until the case has been given to the jury, can nullify the whole proceedings by absenting himself until it becomes necessary to discharge the jury, is a very different question. We have seen no well considered case that decides this question in the affirmative. In most of the reported cases the defendant was in custody, and the failure of the authorities to have him present when the verdict was taken deprived him of a right. In others, when the defendant was on bail there was an attempt to convict him without his being present at all; and in two or three others the general rule was applied without discussion to the case of a defendant on bail who had been present during a part of the trial and was absent when the verdict was rendered. But it has been repeatedly held, upon careful consideration, that while it is a right of the defendant indicted for a felony to be present when the verdict is rendered as well as during the earlier parts of the trial, and while it is irregular and improper to begin the trial in such a case without the presence of the accused, yet if he is on bail and is present at the commencement of the trial, and afterwards voluntarily departs without leave and is absent when the verdict is returned, he may be defaulted and a verdict which will be binding upon him may be taken in his absence. *Fight* v. *State*, 7 Ohio, 180. *Wilson* v. *State*, 2 Ohio St. 319. *Price* v. *State*, 36 Miss. 531. *Hill* v. *State*, 17 Wis. 675. *State* v. *Wamire*, 16 Ind. 357. See also *Lynch* v. *Commonwealth*, 88 Penn. St. 189. Such a case is treated as an exception to the general rule, and as a waiver by the defendant of his right to be present.

The principal object of the general rule above referred to is that the defendant may have an opportunity to exercise his right of challenge, and may avail himself of other rights which cannot be so well exercised, if exercised at all, by his counsel in his absence. Another object is that he may be present at the end of the trial to receive the sentence of the court if found guilty ; but under a system like ours, where the prisoner is allowed to give bail and to go at large during the hours that the court is not in session until the end of the trial, and afterwards if there are exceptions, or if there is a motion for a new trial, until these matters are disposed of, it would be unreasonable to hold that he can attend until the case is given to the jury, and, when he sees indications that the verdict is to be against him, can make it impossible to complete the trial, and thus nullify all that has been done by absconding. If he could do this, it would be necessary upon his return to try him again *de novo*, when perhaps it would be impossible to procure the evidence which was introduced at the first trial, and when, if he were again admitted to bail, he might a second time defeat the ends of justice by again departing. His departure under such circumstances ought to be deemed a waiver of his right to be present at the taking of the verdict. If the Commonwealth has done all that it can reasonably be required to do to secure him his rights, our statute, and the common law of which it is declaratory, ought not to be so construed as to prevent the return of the verdict. This final act of the jury is nothing more than a formal announcement of the result of a trial which, up to that point, has proceeded with unquestionable regularity. There is no very important reason for requiring the defendant's presence then. It is well that he should be there, ready to receive the sentence of the court; but the possibility of his absence is a risk to the Commonwealth which necessarily results from his admission to bail. He has a right to be personally present to take advantage of irregularities if there should be any ; but when he voluntarily absents himself he cannot complain if the Commonwealth chooses to take the verdict when he cannot be immediately subjected to a sentence. The suggestion that the jurors should be required to look upon him when about to return their verdict, with the possibility that they may see something in his appearance at that time which

will affect them in the performance of their duty, is not founded upon any important principle of law or good reason in the practical administration of justice. No detriment can ever come to a defendant from this construction of our statute, and a different construction of it would make it in some cases an instrument of great injustice.

Without determining what power the court has, if any, after the commencement of the trial of a criminal case to secure the attendance of the defendant when the jury are ready to return their verdict, we are of opinion that the ruling at the trial was correct.                                        *Exceptions overruled.*

*T. E. Grover & P. Daly*, for the defendant.

*R. O. Harris*, District Attorney, for the Commonwealth.