THOMAS SUMMERALLS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—VERDICT IN FELONY CASE RENDERED IN PRISONER'S ABSENCE.

1. Where the defendant in a trial for felony voluntarily absconds while the jury are out considering their verdict, no legal verdict can be received or rendered during his absence. The proper practice in such a case is for the judge to declare a mistrial and discharge the jury, without any verdict at all, after he becomes satisfied that the defendant can not be produced within a reasonable time.

2. No legal sentence can be pronounced in a felony case upon a verdict rendered and received by the court during the prisoner's absence.

3. Where the defendant voluntarily absconds before verdict rendered in a trial for felony, and a verdict of guilty is rendered and received and the jury discharged by the court during his absence, and sentence is pronounced upon him thereon at a

JANUARY TERM, 1896.        163

Thomas Summeralls v. The State of Florida.—Opinion of Court.

subsequent term of the court: *Held*, That such verdict and sentence are mere nullities, amounting to nothing more than a mistrial.

Writ of error to the Circuit Court for DeSoto county.

The facts in the case are stated in the opinion of the court.

*J. W. Brady*, for Plaintiff in Error.

*W. B. Lamar*, *Attorney-General*, for the State.

TAYLOR, J.:

The plaintiff in error was indicted at the Fall term, 1894, of the Circuit Court for DeSoto county, for the larceny of a domestic animal, to-wit: One cow, which offense under our statute is punishable by imprisonment in the State penitentiary, that constitutes it a felony. At the Spring term of said court, 1895, he was arraigned, pleaded not guilty, and put upon his trial. While the jury were out considering their verdict he fled the court, and could not be found when the jury returned into court with their verdict. After some considerable delay the court, in the defendant's absence, received from the jury their verdict of "guilty," and had the same recorded in the minutes and discharged the jury. At the succeeding Fall term, 1895, the defendant, having been apprehended, was brought into court, and thereupon moved in arrest of judgment upon the ground that the record showed that he was not personally present when the verdict in his cause was received and put on record. This motion the court overruled; whereupon the defendant moved for a new trial upon the same ground, which motion was also overruled, and the defendant was sentenced to one

year's imprisonment in the State penitentiary.  From this judgment writ of error is taken.

It is well-settled by repeated decisions here, as well as in other States that in cases of felony the accused must be personally present in court during every stage of his trial from its beginning to and including the final passing of sentence.  If it is shown that he was absent during the taking of any essential step in the trial, he can not be said to have had a trial in due course of law. He has a right to be present in person at the rendition of the verdict in order to exercise the right of polling the jury, and the verdict, in such cases, can not legally be rendered or received during his absence; and it makes no difference whether his absence be voluntary or involuntary.  The proper practice in such cases, when the court finds that the prisoner has absconded, is to have diligent efforts made to apprehend him and bring him into court, and upon being satisfied that he can not be produced within a reasonable time, to declare a mistrial and discharge the jury without the rendition of any verdict at all.  A verdict rendered and received, in such a case, during the prisoner's absence is a nullity, and no valid sentence can be pronounced thereon.  Under the circumstances disclosed by this record the trial of the defendant at the Spring term, 1895, and his subsequent sentence at the ensuing Fall term were mere nullities, amounting to nothing more than a mistrial.  Rev. Stat., sec. 2906; Lovett vs. State, 29 Fla. 356, 11 South. Rep. 172, and Florida cases there cited; State ex rel. Battle, 7 Ala. 259; State vs. Hughes, 2 Ala. 102, S. C. 36 Am. Dec. 411; People vs. Higgins, 59 Cal. 357; State vs. Hays, 2 Lea. (Tenn.) 156; Sneed vs. State, 5 Ark. 431, S. C. 41 Am. Dec. 102; 1 Bish. Crim. Pro.

JANUARY TERM, 1896. 165

(2d. ed.) secs. 273, 1180, and cases cited; Bishop's New Crim. Law, sec. 998, and cases cited in subdivision 4 of that section.

The judgment and sentence of the court below is reversed and a new trial ordered.