FRANK A. WILLIAMS V. STATE OF NEBRASKA.

FILED DECEMBER 30, 1925.   No. 24775.

1. **Criminal Law:** SUFFICIENCY OF EVIDENCE. Evidence outlined in the opinion, and *held* sufficient to sustain the verdict as to the first count of the information, and insufficient to sustain the verdict as to the second count thereof.

2. ———: SENTENCE. When a defendant has been convicted of separate offenses on several separate counts of an information, the better practice requires the imposition of a separate sentence on each count whereon there has been a conviction.

ERROR to the district court for Garden county: P. J. BARRON, JUDGE. *Affirmed in part, and reversed in part.*

*E. E. Richards,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Donald Gallagher, contra.*

Heard before MORRISSEY, C. J., DAY, GOOD, THOMPSON, and EBERLY, JJ.

MORRISSEY, C. J.

The county attorney of Garden county filed an information in three counts charging defendant with three separate violations of the liquor law. On the trial, the court withdrew from the consideration of the jury count three of the information, because there was a total lack of evidence to sustain that count, but submitted to the jury for its consideration counts one and two. Count one charged de-

fendant with the unlawful possession of a still. Count two charged defendant with the unlawful possession of intoxicating liquor. The jury returned a verdict finding defendant guilty on each count submitted. The court imposed a single sentence.

Defendant has prosecuted error and complains of a number of alleged errors occurring at the trial. Each of these assignments has been examined, but, in view of our statute and the decisions of this court heretofore rendered dealing with the objections presented, we do not feel warranted in indulging in a separate discussion of each assignment.

The assignment of first importance alleges: "The verdict is not sustained by sufficient evidence." This assignment must be considered first with reference to count one of the information, namely, the count charging possession of a still. The still, or equipment which is alleged to constitute a still, has not been lodged in this court with the bill of exceptions, and the description given in the oral testimony of the article, or articles, said to constitute a still is somewhat general in terms, but these exhibits were before the jury and undoubtedly added force to the oral testimony given on behalf of the state. Defendant gave testimony in relation to the so-called still, and from this testimony it may be inferred that the character of the implement when its parts were assembled, was not seriously questioned. Defendant admitted having seen the exhibits in evidence upon his premises before they were taken under the search warrant. Defendant's son, who was a witness in behalf of defendant, testified that they were brought to defendant's home by one Beecher who had talked to the witness about bringing them there for the purpose of making liquor. The evidence is sufficient to warrant the jury in finding that the exhibits constituted a still; that it was found in defendant's possession, and was kept by defendant for an unlawful purpose.

As to the sufficiency of the evidence to support the second count of the information, we reach a different conclusion. The evidence as to this count is found to be insufficient to

sustain the verdict, and the conviction on this count is set aside and the charge dismissed.

Where a defendant has been convicted on separate counts of an information, the better practice seems to require the trial court to impose a separate sentence on each count whereon there has been a conviction. With the imposition of a sentence in the form suggested, the reviewing court is the better able to deal with the questions presented on appeal. As in the instant case a single judgment has been pronounced, the cause is remanded to the district court, with directions to enter a dismissal as to the second count, and to enter a new sentence on the first count, the conviction on which is affirmed.

AFFIRMED IN PART, AND REVERSED IN PART.

Note—See (2) 8 R. C. L. 233.