WILLIAM PITTENGER, APPELLEE, V. SALISBURY & ALMQUIST, APPELLANT.

FILED DECEMBER 13, 1933. No. 28709.

O. E. *Bozarth* and *Cloyd E. Clark,* for appellant.

*Ted R. Frogge, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and CARTER and REDICK, District Judges.

CARTER, District Judge.

The defendant, Salisbury & Almquist, appellant herein, during all the times herein mentioned, was engaged in the grain and elevator business at Elwood, Nebraska. On or about October 1, 1929, the plaintiff entered into an oral agreement with the defendant whereby the plaintiff delivered to the defendant 3,284.96 bushels of corn, for which he was to receive the highest market price paid in Elwood or any neighboring town on any date selected by the plaintiff within a reasonable time after the delivery of the corn. The plaintiff claims that on August 23, 1930, he notified defendant that he desired to sell on that date at the highest market price paid in Elwood, to wit, 80 cents a bushel, and demanded settlement on that basis, which was refused. The defendant admits the making of the contract substantially as set out by the plaintiff but denies that plaintiff ever notified defendant of any intention to sell, except by the filing of this action on April 29, 1932, at which time the corn was worth 21 cents a bushel. The reply of the plaintiff was a general denial. Upon these issues the jury returned a verdict for plaintiff for $2,627.97 and interest in the sum of $395.90. Defendant's motion for a new trial was overruled on October 18, 1932, and judgment entered on the verdict. On October 20, 1932, defendant's amended and supplemental motion for a new trial was overruled. From the overruling of these motions, the defendant prosecutes this appeal.

The defendant contends that the court erred in giving certain instructions to the jury and in the refusal to give others that were tendered. An examination of the instructions shows that they correctly state the law of the case according to the pleadings and the evidence.

The defendant contends that the failure of the trial court to define the term "market price" in his instructions to the jury constitutes error, even though no request therefor was made. While it is the duty of a trial court to instruct as to the issues between the parties whether requested or not, the complaint here made cannot be well taken. The court correctly submitted the issues to the jury, and if either party desired a further definition of the terms used therein, it became his duty to request them. This the defendant failed to do and therefore no error was committed.

The instructions tendered by the defendant and refused by the court were covered by those given by the court on his own motion. We find no error in the action of the trial court in refusing defendant's offered instructions.

The plaintiff alleged in his petition that, under the terms of the contract, he was to select a date of settlement "within a reasonable time," and which date he selected, as he alleges, the 23d day of August, 1930. Defendant claims that the allegation as to reasonable time was not supported by the evidence. The contract pleaded by the plaintiff was admitted by the answer of defendant. If there was a breach of this condition of the contract, it was the duty of defendant to plead it and substantiate it by evidence. The defendant did plead it as a defense but failed to produce evidence to support it. The jury found that the sale was completed on August 23, 1930, and that the market price of said corn was 80 cents a bushel. The evidence shows that the contention of the defendant at that time was not that plaintiff had failed to select his sale date "within a reasonable time," but that the market price was not agreed upon or a date designated, and that the sale was therefore never con-

summated. The question of whether the date of August 23, 1930, was within the "reasonable time" clause of the contract not being questioned by the defendant at any time during all the negotiations between the parties prior to the commencement of suit, and there being therefore no evidence thereon, and both parties having treated said date as being within the contract, it is not an issue of which the defendant can now avail itself. An objection to the submission of this matter as an issue for the jury on the part of the plaintiff undoubtedly would have been good under the rule set forth in *Ballou v. Sherwood,* 32 Neb. 666, as follows: "Where a party gives a reason for his decision and conduct touching anything involved in a controversy, he is estopped after litigation has begun from changing his ground and putting his conduct on another and different consideration." True, there was testimony that defendant needed the room taken by the corn and a request for plaintiff to dispose of it, but there was nothing that could be treated as an intention to rescind the contract because of unreasonableness of the time taken by plaintiff in selecting the date of sale. The evidence raised no issue on this subject that should have been submitted to the jury. If said date was not within the time specified by the contract, the defendant has waived its right to object by not raising it at the time the controversy took place.

The defendant complains of the testimony of the witness August Jorges as to the market price of corn on August 23, 1930. The witness testified that he was in the grain business on said date and that he was paying 80 cents a bushel for white corn on that day. The contract was that plaintiff was to receive the "market price" or "the highest market price" on that date, the exact language being in dispute. The plaintiff also testified that the agreement was that "he said he would give me as much as I could get in any other elevator, or in Eustis, or Smithfield, or in any other town around here." We find no error in admitting in evidence the testimony of

the witness August Jorges under the circumstances in this case. Complaint is made that he had not seen the corn. It is not necessary that he should have seen it in order to testify as to what he was paying for corn or as to the market value of corn. If the corn was inferior because of being a lesser grade or quality than as represented, it was a matter of defense. The pleadings raise no issue on that point.

Defendant also claims that the trial court erred in making certain remarks in the presence of the jury that were prejudicial to the rights of the defendant. The record fails to show that objection was made at the time or that any request was made that the jury be instructed to disregard the alleged prejudicial remarks. Neither is the objection raised in the motion for a new trial. The error, if any, has been waived by the defendant's failure to object thereto at the trial.

The defendant also complains of the trial court's action in overruling its amended and supplemental motion for a new trial on the ground of newly discovered evidence. The newly discovered evidence consisted of a discovery subsequent to the trial that one of plaintiff's witnesses, Ernest Pittenger, son of the plaintiff, had testified that the landlord's one-third share of the corn raised on his place was included in the corn delivered by his father to the defendant and that the remaining two-thirds had been sold by him directly to the defendant, Salisbury & Almquist, as white corn, when in truth and in fact the records of the defendant show that the corn sold to it by the witness Ernest Pittenger was mixed corn and not white corn and was purchased for 65 cents a bushel. It is very evident that defendant could have, by the use of ordinary diligence, discovered this fact at the time of the trial. The defendant had the books in its possession and could have checked them in a very short time to determine the truth of the matter. This court has held: "An applicant for a new trial on the ground of newly discovered evidence must show that he could not by the exercise of reasonable

diligence have discovered and produced such evidence at the trial." *Dresher v. Becker,* 88 Neb. 619. The newly discovered evidence is clearly impeaching in character and ordinarily such evidence is not sufficient to warrant the granting of a new trial. The trial court did not err in overruling the motions for a new trial.

An examination of the evidence discloses that the testimony was conflicting as to the material facts involved in the controversy. The evidence is sufficient to sustain the verdict of the jury. They having made a determination of the facts upon evidence which, if believed, would support it, it will not be disturbed. The judgment of the district court is

AFFIRMED.