ELWYN D. KROGER, APPELLANT, v. STATE OF NEBRASKA, APPELLEE.

62 N. W. 2d 312

Filed January 22, 1954. No. 33452.

R. A. Vestecka, for appellant.

Clarence S. Beck, Attorney General, and Ralph D. Nelson, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an appeal by Elwyn D. Kroger from an order of the district court for Dodge County.

Kroger was charged in a justice of the peace court of Dodge County as follows: "* * * that Elwyn D. Kroger * * * did * * * willfully and unlawfully operate a motor vehicle on a public highway in said county at a rate of speed greater than was reasonable and prudent under the conditions then existing and at a rate of speed in excess of 50 miles per hour, and at a rate of speed such as to endanger the life or limb of other persons in lawful use of said highway * * *." And it was also charged that he, "* * * did * * * unlawfully operate a motor vehicle upon the public highways in said county in such a manner as to wantonly and indifferently disregard the safety of persons and property * * *."

Kroger pleaded guilty to both charges and the justice of the peace thereupon entered the following order: "* * * that. defendant pay a fine of $25.00 on the first count, $25.00 on the second count and his drivers license is suspended for 30 days * * *."

He thereupon filed a petition in error in the district court asking that court to eliminate the provision of the justice of the peace's order relating to the suspension of his driver's license. It is from the district court's order dismissing this petition in error that this appeal was taken.

It is appellant's thought that the justice of the peace's order suspending his driver's license for 30 days was solely part of his sentence on his plea of guilty to the second charge and, since a suspension is not authorized by section 39-7,107.01, R. R. S. 1943, that that part of the justice of the peace's order is void.

After a plea of guilty is made to an offense properly lodged in his court a justice of the peace, in imposing

punishment, is limited as to what he can do in the way of punishment by the legislation relating thereto; that is, he can only impose punishment to the extent authorized by the Legislature for the offense charged and any punishment in excess thereof is illegal. When part of a sentence is illegal an appellate court may, if the sentence is divisible, modify it by striking out the illegal part. 15 Am. Jur., Criminal Law, § 463, p. 121; McElhaney v. Fenton, 115 Neb. 299, 212 N. W. 612.

For the purpose of discussion only we shall assume that the justice of the peace's order suspending the driver's license of appellant for 30 days relates solely to the second charge.

The first charge was made under section 39-723, R. R. S. 1943, which provides, as far as here material, as follows: "No person shall operate a motor vehicle on any highway outside of a city or village at a rate of speed greater than is reasonable and proper, having regard for the traffic and use of the road and the condition of the road, nor at a rate of speed such as to endanger the life or limb of any person, * * *."

Section 39-725, R. R. S. 1943, provides, as far as here material, that: "Any person, * * * who shall violate any of the provisions of sections 39-719 to 39-724, * * * shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than ten dollars nor more than one hundred dollars for each offense. If the offender so violating is an individual, he may be punished by imprisonment in the county jail not exceeding thirty days, or by both such fine and imprisonment."

In addition to the foregoing penalty section 60-427, R. R. S. 1943, provides: "Upon conviction in any court within this state of any violation of any law of this state pertaining to the operation of motor vehicles or of any city or village ordinance pertaining to the operation of a motor vehicle in such a manner as to endanger life, limb or property, * * * the magistrate or judge of

such court may, in his discretion, suspend the license of such convicted person to operate a motor vehicle for any purpose for a period of time not less than ten days nor more than one year, unless a greater period of suspension or revocation be made mandatory by sections 39-727 or 39-7,107, * * *."

Under the provisions of these sections, when the appellant pleaded guilty to the first charge, the justice of the peace had authority to impose upon him the penalty provided for in section 39-725, R. R. S. 1943, and to suspend his driver's license as authorized by section 60-427, R. R. S. 1943.

Section 39-7,107, R. R. S. 1943, under which the second charge was made, provides: "Any person who drives any motor vehicle in such a manner as to indicate an indifferent or wanton disregard for the safety of persons or property shall be deemed to be guilty of reckless driving."

The penalty which may be imposed for doing so is as follows: "Every person convicted of reckless driving shall be punished by imprisonment in the county jail for a period of not less than five days nor more than thirty days, or by a fine of not less than ten dollars nor more than one hundred dollars, or by both such fine and imprisonment." § 39-7,107.01, R. R. S. 1943.

We think the meaning of the language contained in section 39-7,107, R. R. S. 1943, brings it within the quoted language of section 60-427, R. R. S. 1943. This seems to be clearly evidenced by the following language thereof, to wit: "* * * unless a greater period of suspension or revocation be made mandatory by sections * * * 39-7,107; * * *." That is, the Legislature intended section 60-427, R. R. S. 1943, to apply to section 39-7,107, R. R. S. 1943, but did not intend it to be any limitation or restriction on the greater periods of suspension authorized by the latter.

We think this is further evidenced by language contained in the title of L. B. 162 enacted by the 1947 Legis-

lature, which included both sections 39-7,107 and 60-427. Therein it is stated: "* * * to provide that the person convicted of reckless driving, * * * as part of the judgment of conviction, be ordered not to drive any motor vehicle for any purpose during certain periods of time under the prescribed circumstances and conditions; to provide for suspension or revocation of operator's license as prescribed; * * *." Laws 1947, c. 148, p. 408.

We hold that section 60-427, R. R. S. 1943, is applicable when persons are convicted on charges properly brought under either section 39-723, R. R. S. 1943, or section 39-7,107, R. R. S. 1943.

While we have assumed, for the purpose of discussion only, that the justice of the peace's order relating to the suspension of the driver's license of appellant had relation solely to his sentencing defendant on the second count we do not actually think such to be a fact. By the language used we think it could relate to either or both charges. In this respect it is the better practice for trial courts to impose separate sentences on each charge when a defendant has been convicted on two or more charges, as doing so will enable a reviewing court to better deal with questions presented on appeal. See Williams v. State, 114 Neb. 132, 206 N. W. 731. However, where the language used will permit a construction sustaining the trial court we will adopt that construction rather than one which would have the opposite effect.

Having come to the conclusion that the justice of the peace's order was within his authority, we affirm the action of the district court.

AFFIRMED.