DAVID HYSLOP, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.

68 N. W. 2d 698

Filed February 18, 1955. No. 33649.

*Lloyd W. Kelly* and *Lloyd W. Kelly, Jr.,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is an error proceeding from the district court

for Hall County. In the district court for Hall County a jury found plaintiff in error, David Hyslop, guilty of operating his motor vehicle upon a public highway of that county at a rate of speed in excess of 60 miles an hour, which is in violation of the provisions of section 39-723, R. R. S. 1943. His motion for new trial having been overruled and a sentence of 30 days in jail imposed, plaintiff in error instituted this proceeding to review the record of his conviction. For convenience we shall herein refer to the plaintiff in error as defendant.

Ervin C. Molcyk, a member of the Nebraska Safety Patrol, arrested the defendant about 4:30 p. m. on January 19, 1954, in Hall County. He testified that immediately preceding defendant's arrest he followed defendant's car, which was being driven by defendant, for a considerable distance along U. S. Highway No. 30; that defendant then turned his car off U. S. Highway No. 30 onto a county road; that the county road is in Hall County; that he followed the defendant's car on this county road; and that for at least three-fourths of a mile it was driven by defendant at the rate of 75 miles an hour. There can be no question as to the sufficiency of the evidence to sustain the conviction.

Defendant raises several questions which he seeks to support by information contained in affidavits and a telegram. These affidavits and telegram are found in the transcript and not in the bill of exceptions. In this situation the following is applicable: "Affidavits used as evidence on the hearing of an issue of fact must be offered in evidence in the trial court and embodied in a bill of exceptions to be available to plaintiff in error in this court." Darlington v. State, 153 Neb. 274, 44 N. W. 2d 468. See, also, Mulder v. State, 152 Neb. 795, 42 N. W. 2d 858.

Consequently we will not discuss any facts contained in these affidavits and the telegram.

Defendant contends it was reversible error for the jury to return its verdict and be dismissed without de-

fendant or his attorney being present. 23 C. J. S., Criminal Law, § 1450, p. 1214, states the general rule in this regard as follows: "Generally a new trial will be granted when a verdict is received in the absence of the judge, or of accused and his sole counsel, unless the irregularity is waived." See, also, § 29-2024, R. R. S. 1943; Longfellow v. State, 10 Neb. 105, 4 N. W. 420.

The record of the proceedings had on May 17, 1954, includes the following: "Oral arguments made, jury instructed in writing and at 2:20 P. M. jury retired in charge of sworn officer; At 4:40 P. M. jury returned into court with a verdict which was filed and read to the jury and they announced that it was their unanimous verdict. Verdict finds defendant guilty as charged. Jury discharged."

We held in Darlington v. State, *supra*: "All presumptions exist in favor of the regularity and correctness of the orders and judgments of courts of general jurisdiction, and he who asserts the contrary is required to establish the alleged defect or error by an exhibition of the record. Salistean v. State, 115 Neb.. 838, 215 N. W. 107, 53 A. L. R. 1057; Wright v. State, supra."

We have often said: "Where the record in a criminal prosecution discloses that the defendant was present during the trial, but is silent as to whether he was present when the verdict was received, it will be presumed that the verdict was properly received and that the defendant was present in court at the time." Feddern v. State, 79 Neb. 651, 113 N. W. 127.

As early as Folden v. State, 13 Neb. 328, 14 N. W. 412, we said: "Where the record once shows the presence of the prisoner at his trial, it will be presumed to have continued to the end unless the contrary is affirmatively shown. The presumption is, rather, that the trial court did its duty, than that it did not. We see no error in the record that calls for a new trial, and the judgment must be affirmed." See, also, Bolln v. State, 51 Neb. 581, 71 N. W. 444.

The contrary is not here affirmatively shown.

As to the waiver of such right in a misdemeanor case, see § 29-2001, R. R. S. 1943; Scott v. State, 113 Neb. 657, 204 N. W. 381; Peterson v. State, 64 Neb. 875, 90 N. W. 964; State v. Waymire, 52 Or. 281, 97 P. 46, 132 Am. S. R. 699, 21 L. R. A. N. S. 56; Annotation, 100 A. L. R. 486.

As stated in State v. Waymire, *supra*: "The right, however, is conferred upon him for his own protection and benefit, and, like many other rights accorded him by law, may be waived, either expressly or impliedly; and by the weight of authority, when a defendant charged with a misdemeanor is on bail, and is present either in person or by his counsel at the commencement of and during the trial, until the cause is submitted to the jury, and afterwards voluntarily departs from the court before its adjournment and without leave, he will be deemed to have waived the right to be present on the rendition of the verdict, and it may be legally received in his absence. 12 Cyc. 528; 22 Enc. Pl. & Pr. 929. Indeed, many of the courts hold that this rule will apply in a trial for a felony. Frey v. Calhoun Circuit Judge, 107 Mich. 130 (64 N. W. 1047); Commonwealth v. McCarthy, 163 Mass. 458 (40 N. E. 766); Sahlinger v. People, 102 Ill. 241; State v. Way, 76 Kan. 928 (93 Pac. 159). The theory is that it is the duty of the defendant to be present until the close of the trial, and if he voluntarily absents himself the court is not obliged to await his pleasure, but may proceed without him."

The record fails to show such leave was obtained from the court.

Defendant says the jury not only returned a verdict of guilty but that the jury foreman apparently signed a verdict finding the defendant not guilty. He contends this created an ambiguity by leaving a doubt as to which verdict was and is the true verdict of the jury, and which one they intended to return. In support of this contention he cites the principle that "Verdicts

in criminal cases should be certain and import a definite meaning free from ambiguity." Keeler v. State, 73 Neb. 441, 103 N. W. 64. However, this is qualified by the following sentence: "If the meaning of the verdict in the light of the whole record is clear, beyond any reasonable doubt, it is sufficient." In the opinion the court goes on to say: "To determine the meaning of the verdict all the parts of the record must be taken into consideration; the indictment and instructions, and in some instances, as in this case, the polling of the jury may be considered. If upon the whole record, so construed, it is clear beyond any reasonable doubt that the jury found the defendant or defendants, who were being tried, guilty of the charge contained in the indictment, the verdict is sufficiently definite."

M. E. Moses, clerk of the district court for Hall County, testified there were two forms of verdict prepared in his office, one to be used if the jury found the defendant guilty and the other if they found him not guilty; that both were submitted to the jury; that he was present when the jury returned its verdict; that the jury returned only one verdict; and that the verdict returned found the defendant guilty. The record shows only one verdict was filed by the clerk, which is the verdict of guilty. It was signed by the foreman. The record of the proceedings on May 17, 1954, shows, in this regard, that: "* * * jury returned into court with a verdict which was filed and read to the jury and they announced that it was their unanimous verdict. Verdict finds defendant guilty as charged."

And, as we have already quoted from Darlington v. State, *supra*: "All presumptions exist in favor of the regularity and correctness of the orders and judgments of courts of general jurisdiction, and he who asserts the contrary is required to establish the alleged defect or error by an exhibition of the record."

It is true that a verdict of not guilty dated and signed by M. E. Hoag, foreman, appears in the record. It ap-

pears from the verdict itself that an attempt was made to erase the date and signature and to cancel the latter. We think, from the record as a whole, it is clear beyond any reasonable doubt that the jury brought in a verdict of guilty.

Defendant contends certain remarks and actions of the trial judge resulted in his rights being prejudiced and that, because thereof, we should grant him a new trial.

It is true that trial judges are charged with the duty of conducting criminal trials in such a manner that the accused may have a fair and impartial trial uninfluenced by prejudice, passion, and public clamor. Cooper v. State, 120 Neb. 598, 234 N. W. 406. However, in order to have this issue reviewed by this court, we have said:

"Unless the record discloses an objection or an exception to remarks of a trial judge a complaint with regard thereto cannot be reviewed on appeal." Morrow v. State, 146 Neb. 601, 20 N. W. 2d 602.

"A prerequisite to review on appeal of alleged improper conduct of and statements by a trial judge, on the trial in the presence of the jury, is an objection and exception thereto." Bolio v. Scholting, 152 Neb. 588, 41 N. W. 2d 913.

"It is mandatory that alleged errors occurring in the trial of a criminal case must be pointed out to the trial court in a motion for new trial and a ruling obtained thereon as a prerequisite to a review of them in this court." Bryant v. State, 153 Neb. 490, 45 N. W. 2d 169.

"This contention cannot be examined and determined because of the absence of objection to the ruling of the trial court in this regard in either the motion for a new trial, the petition in error, or the assignments of error in the brief of defendant." Fisher v. State, 154 Neb. 166, 47 N. W. 2d 349. See, also, Pittenger v. Salisbury & Almquist, 125 Neb. 672, 251 N. W. 287.

Defendant failed to meet the foregoing requirements

and consequently this contention is not here for our consideration.

Defendant contends the trial court abused its discretion when, as of March 16, 1954, it refused to grant him a continuance.

"An application for postponement of time of trial of a criminal case is addressed to the sound discretion of the trial court, and in the absence of abuse of discretion disclosed by the record, a denial thereof is not error." Darlington v. State, *supra*. See, also, § 25-1148, R. R. S. 1943.

"Absence of the exercise of a proper discretion or of prejudice to the party complaining of the denial of the request for postponement of time of trial will not be presumed but must be shown by him." Darlington v. State, *supra*.

What is said in Darlington v. State, *supra,* has application here. Therein we said: "The evidence intended to sustain the allegations of fact in the motion for continuance made by defendant was not preserved, authenticated, and lodged in this court as required by the rule of practice so that the court is permitted or authorized to consider it. The affidavits attached to and filed with the motion, intended as evidence to support statements made therein, are included in the transcript of which they are not legally or legitimately a part, but they are not included in the bill of exceptions, and the record does not disclose that they were offered or received in evidence in the district court on the hearing of the motion therein. It has long been a mandatory requirement in this jurisdiction, recently again stated by this court, that affidavits used as evidence on the hearing or trial of any issue of fact must have been, as a prerequisite to examination of them in this court, identified and offered in evidence in the trial court and embodied in a bill of exceptions."

The condition of the record here deprives this court of the right or power to review any evidence considered

by the trial court on the hearing of the motion of the defendant for a continuance. The order of the district court disposing of the motion is in this situation conclusively presumed to be correct.

Defendant contends, because of the fact that the 1953 Legislature in amending section 39-725, R. R. S. 1943, left out section 39-723, R. R. S. 1943, that no statutory penalty exists in this state for violating section 39-723, R. R. S. 1943. In this regard section 39-7,127, R. R. S. 1943, provides, insofar as here material, that: "Any person who shall violate any of the provisions * * * of any other law of this state relating to the operation of motor vehicles, shall, * * * upon conviction thereof be punished as follows: (1) For a first such offense, such person shall be fined not less than ten dollars nor more than fifty dollars, or imprisoned in the county jail for not more than thirty days, or both; * * *."

We find, since the effective date of the 1953 Legislature's amendment of section 39-725, R. R. S. 1943, that section 39-7,127, R. R. S. 1943, has application to any violation of section 39-723, R. R. S. 1943. In view thereof the trial court had authority to sentence defendant to 30 days in jail.

Defendant contends that the sentence of 30 days in jail is excessive.

"Where the punishment of an offense created by statute is left to the discretion of a court, to be exercised within certain prescribed limits, a sentence imposed within such limits will not be disturbed unless there appears to be an abuse of such discretion." Salyers v. State, *ante* p. 235, 66 N. W. 2d 576. See, also, Taylor v. State, *ante* p. 210, 66 N. W. 2d 514.

Defendant was not given the maximum sentence as, in addition to the 30 days in jail, he could have been fined up to $50 and his driver's license suspended. See, § 60-427, R. R. S. 1943; Kroger v. State, 158 Neb. 73, 62 N. W. 2d 312.

The evidence shows a high degree of violation which,

without question, must have endangered others of the traveling public who were using the highway at the same time. Rules regulating the use of our highways are intended to safeguard the public while using them. Under the circumstances disclosed by the record no abuse of the authority to impose sentence is here shown.

We find all of defendant's contentions to be without merit and therefore affirm the judgment and sentence of the trial court.

AFFIRMED.