WAYNE C. OLSON, PLAINTIFF IN ERROR, V. STATE OF NEBRASKA, DEFENDANT IN ERROR.
71 N. W. 2d 124

Filed June 17, 1955. No. 33771.

*Anderson, Storms & Anderson,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Ralph D. Nelson,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ., and KOKJER, District Judge.

KOKJER, District Judge.

By petition in error Wayne C. Olson, who entered a plea of guilty in the county court of Phelps County to a charge of second offense speeding, questions the legality of that part of the sentence imposed upon him which suspended his driver's license for 6 months. The district court sustained the action of the county court and dismissed the petition in error filed therein.

Wayne C. Olson is hereinafter referred to as the defendant. The caption of the complaint filed against him in the county court reads as follows: "COMPLAINT FOR SECOND OFFENSE, SPEEDING, Contrary to Sections 39-7108 and 39-7127, Revised Statutes of Nebraska, 1943." In the body of the complaint it is charged that he did "willfully and unlawfully operate a motor vehicle * * * upon a highway outside of a city or village at a rate of speed exceeding 60 miles per hour between the hours of sunrise and sunset, to-wit: at a rate of speed in excess of 75 miles per hour, and such being his second offense, * * * Contrary to Section 39-7108, Revised Statutes of Nebraska, 1943, * * *." Defendant entered a plea of guilty. The county court fined him $50, suspended his driver's license for 6 months, and taxed the costs to him. Without success, he presented his claim that the license suspension was not permitted under the law to the county court by motion to modify the sentence, and to the district court by petition in

error and a motion for new trial. He then raised the question here by proceedings in error.

The pertinent parts of section 39-7,108, R. R. S. 1943, provide: "No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing. * * * (3) The following speeds shall be prima facie lawful, but in any case when such speed would be unsafe, they shall not be lawful: * * * (c) sixty miles per hour between the hours of sunrise and sunset * * * (6) Except in metropolitan cities, in every charge of violation of this section, the complaint and also the summons or notice to appear, shall specify the speed at which the defendant is alleged to have driven, also the prima facie speed applicable within the district or at the location."

The complaint in this case was filed under subsection (3) of the above section. The charge made was solely that of driving in excess of the prima facie legal limit.

For the violation of section 39-7,108, R. R. S. 1943, the Legislature has provided a specific penalty. That penalty is set out in section 39-7,127, R. R. S. 1943, as follows: "Any person who shall violate any of the provisions of sections 39-726, 39-7,108 to 39-7,112 and 39-7,115 to 39-7,117, or of any other law of this state relating to the operation of motor vehicles, shall, except as otherwise specifically provided, upon conviction thereof be punished as follows: (1) For a first such offense, such person shall be fined not less than ten dollars nor more than fifty dollars, or imprisoned in the county jail for not more than thirty days, or both; (2) for each subsequent such offense, such person shall be fined not less than twenty-five dollars nor more than two hundred dollars, or shall be imprisoned in the county jail for not more than sixty days, or both."

No other penalty is specifically provided for violation of section 39-7,108, R. R. S. 1943, so section 39-7,127, R. R. S. 1943, applies. No mention is made in section

39-7,127, R. R. S. 1943, of the revocation of a driver's license.

The State asserts that section 60-427, R. R. S. 1943, justifies the license suspension. This section provides in part as follows: "Upon conviction in any court within this state of any violation of any law of this state pertaining to the operation of motor vehicles or of any city or village ordinance pertaining to the operation of a motor vehicle in such a manner as to endanger life, limb or property, or while under the influence of alcoholic liquor or any drug * * * the magistrate or judge of such court may, in his discretion, suspend the license of such convicted person to operate a motor vehicle for any purpose for a period of time not less than ten days nor more than one year, * * *."

It is true that where a person is charged and convicted under an applicable statute with the operation of a motor vehicle in such a manner as to endanger life, limb, or property, and no greater period of license suspension is provided in the statute under which the complaint or information is filed, his license may be suspended pursuant to the provisions of section 60-427, R. R. S. 1943. Kroger v. State, 158 Neb. 73, 62 N. W. 2d 312.

The charge set forth in the complaint against the defendant in the present case was speeding, and nothing more. There is no allegation that he operated his motor vehicle in such a manner as to endanger life, limb, or property, or while under the influence of alcoholic liquor or any drug. The statute, being criminal in nature, must be strictly construed and may not be extended by implication. Macomber v. State, 137 Neb. 882, 291 N. W. 674.

The State argues that section 60-427, R. R. S. 1943, should be construed so that the words "in such a manner as to endanger life, limb or property" be applied only to violations of city or village ordinances contain-

ing such provisions and not to violations of "any law of this state."

Under this construction, if one violated a law of this state by failing to stop at a stop sign, or driving with no taillight, or by using a muffler cut-out his driver's license could be suspended. Also, the suspension in the present case for speeding could be sustained. We do not approve this theory. There is nothing in the grammatical construction of the sentence nor in its punctuation to suggest such a meaning. It must be taken to mean exactly what it says.

The punishment for an offense under section 39-7,108 (3), R. R. S. 1943, is specifically defined in section 39-7,127, R. R. S. 1943, and that part of any penalty imposed in excess of the maximum therein provided and not permitted under any other applicable penalty section is void.

The discretionary power given to the court in section 60-427, R. R. S. 1943, to revoke a driver's license is limited to the charges of operating a motor vehicle in such a manner as to endanger life, limb, or property, or while under the influence of alcoholic liquor or any drug, brought under appropriate statutes, and does not apply to a simple charge of speeding under section 39-7,108 (3), R. R. S. 1943.

The rule is that when part of a sentence is illegal an appellate court may, if the sentence is divisible, modify it by striking out the illegal part. Kroger v. State, *supra.*

The order of the district court is modified and that part of the sentence suspending the defendant's license is stricken.

AFFIRMED AS MODIFIED.