IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. ETTLEMAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TAMMY J. ETTLEMAN, APPELLANT.

Filed August 14, 2018.    No. A-17-782.

Appeal from the District Court for Saunders County: MARY C. GILBRIDE, Judge. Affirmed in part, reversed and vacated in part, and in part vacated and remanded with directions.

Thomas J. Klein, Saunders County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

RIEDMANN, BISHOP, and WELCH, Judges.

BISHOP, Judge.

Tammy J. Ettleman pled no contest to one count of attempted possession of a controlled substance, a Class I misdemeanor, and one count of child abuse, a Class IIIA felony. The district court for Saunders County sentenced her to 24 months' probation. Ettleman claims there was not a sufficient factual basis to support her no contest plea and conviction for felony child abuse. We agree. We therefore reverse the order of the district court which accepted her no contest plea to felony child abuse, and we vacate that conviction. And because the district court ordered only one sentence for both convictions, we vacate Ettleman's sentence and remand for resentencing on her conviction for attempted possession of a controlled substance.

### BACKGROUND

On January 17, 2017, the State filed an information charging Ettleman with: count I, delivery of a controlled substance, a Class II felony, pursuant to Neb. Rev. Stat. § 28-416 (Reissue

- 1 -

2016); count II, aiding and abetting delivery of a controlled substance, a Class II felony, pursuant to § 28-416 and Neb. Rev. Stat. § 28-206 (Reissue 2016); and count III, child abuse, a Class IIIA felony, pursuant to Neb. Rev. Stat. § 28-707 (Reissue 2016).

On March 27, 2017, pursuant to a plea agreement, Ettleman pled "no contest" to an amended count I (now attempted possession of a controlled substance, a Class I misdemeanor, pursuant to Neb. Rev. Stat. § 28-201 (Reissue 2016)) and count III (child abuse); the State agreed to dismiss count II (aiding and abetting delivery of a controlled substance). The State provided the followng factual basis:

> On November 28, 2016, officers with III Corps Drug Task Force and Cedar Bluffs Police Department executed a search warrant on the residence of Tanya Brainard, Cedar Bluffs, Saunders County. In the course of that search warrant, the investigation discovered that the defendant, Tammy Ettleman, had been providing narcotics to Tanya Brainard and that a significant balance was remaining.
>
> In the course of the investigation, [Ettleman] agreed to -- arrived at Tanya Brainard's home a few blocks away in exchange -- to receive some of the past due account, as well as sell some new pills, that being oxycodone. [Ettleman] indicated that she had her 11-year-old son, identified by initials CE, born in 2005, with her and that he was still in his PJs.
>
> While the officers were still present, [Ettleman] arrived at the Brainard residence with her son, CE, and for the purpose of the plea agreement, did attempt to possess oxycodone, a Schedule II narcotic substance. These events in Saunders County.

When asked if there were any comments to the factual basis, Ettleman's attorney stated, "Would address those at sentencing, Your Honor." The district court proceeded to find the "factual basis sufficient to convict the defendant on her no contest pleas." The court found the pleas were entered into knowingly and voluntarily, and found Ettleman guilty as charged in count I as amended and count III. The matter was then scheduled for sentencing.

At the sentencing hearing, Ettleman said she realized she made mistakes, "but [she] would never put [her] son in danger." She acknowledged giving Brainard "a couple pills here and there, which [she] should not have done, and that was a huge mistake." She said she was not "this big drug dealer," rather, she felt sorry for Brainard. She "did not take [her son] there trying to put him into any danger whatsoever. [She] would never do that." She went on to say, "I love my son very much, and, you know, I went in there, asked if [Brainard] was there and went out. That was all that it was. It was not trying to put him in danger at all, you know." She said she was "taken aback" when she came in "for the status hearing" after being told it was going to be a misdemeanor, "and then they threw this felony child abuse in on me." The court proceeded to order one sentence of 24 months' probation for both convictions (without any noted separation or apportionment of the sentence between the two convictions), with various conditions, including serving 90 days in jail (to be served in three waivable 30-day terms). The court's written order of probation was filed June 26, 2017. Ettleman timely appealed.

## ASSIGNMENT OF ERROR

Ettleman assigns that the district court erred in finding the State presented a sufficient factual basis to support her no contest plea and conviction for felony child abuse.

## STANDARD OF REVIEW

A trial court is afforded discretion in deciding whether to accept guilty pleas, and an appellate court will reverse the trial court's determination only in case of an abuse of discretion. *State v. Wilkinson*, 293 Neb. 876, 881 N.W.2d 850 (2016).

## ANALYSIS

Ettleman argues that the factual basis provided by the State was not sufficient for the trial court to find her guilty of felony child abuse. The State claims that because Ettleman pled no contest to the charge, and at no point objected to the factual basis, her claim on appeal is "defaulted, or is without merit." Brief for appellee at 3. However, entering a plea does not waive a defendant's ability to challenge an insufficient factual basis. As stated by the Nebraska Supreme Court in *State v. Wilkinson*, 293 Neb. at 881, 881 N.W.2d at 855:

> A plea of no contest is equivalent to a plea of guilty. To support a plea of guilty or no contest, the record must establish that (1) there is a factual basis for the plea and (2) the defendant knew the range of penalties for the crime with which he or she is charged. When a court accepts a defendant's plea of guilty or no contest, the defendant is limited to challenging whether the plea was understandingly and voluntarily made and whether it was the result of ineffective assistance of counsel. A sufficient factual basis is a requirement for finding that a plea was entered into understandingly and voluntarily. Therefore, [the defendant] has not waived his challenge to the factual basis.

The State argues *Wilkinson* is a "lone case" and that it is irreconcilable with the cases that precede it. Brief for appellee at 5. The State cites to *State v. Burkhardt*, 258 Neb. 1050, 607 N.W.2d 512 (2000), which held that the voluntary entry of a guilty plea or a plea of no contest waives every defense to a charge whether the defense is procedural, statutory, or constitutional. The State then claims "[i]t is a very short and logical extension of that rule to say that a guilty or no contest plea waives any complaint regarding the factual basis for the plea as well." Brief for appellee at 4-5. We disagree. First of all, the proposition in *Burkhardt* relates to a "voluntary plea," and a sufficient factual basis is a requirement for finding the plea is voluntary. Additionally, in *Burkhardt* there was a sufficient factual basis for the pleas in that case. We do not read *Burkhardt* and *Wilkinson* to be inconsistent, and we find *Wilkinson* to be controlling here.

*Wilkinson* is clear that a defendant has not waived a challenge to the factual basis by entering a plea, because a sufficient factual basis is a requirement for finding that the plea was entered into understandingly and voluntarily. See, also, *State v. Clemens*, 300 Neb. 601, ___ N.W.2d ___ (2018) (noting that defendant in *Wilkinson, supra*, did not waive challenge to factual basis for plea when entering plea); *State v. Schiesser*, 24 Neb. App. 407, 888 N.W.2d 736 (2016) (following *Wilkinson* and rejecting State's claim that defendant's no contest plea either waived ability to challenge factual basis or judicially estopped him from asserting position on appeal which contradicted his position at the trial level). Furthermore, even though Ettleman did not

object to the factual basis, the issue was clearly before the trial court because it was required to determine that a factual basis existed before it accepted Ettleman's no contest plea to felony child abuse and found her guilty of the same. See *State v. Workman*, 22 Neb. App. 223, 857 N.W.2d 349 (2014) (this court reversed and vacated defendant's convictions and sentences after finding that trial court erred in accepting defendant's guilty pleas without a factual basis; lack of factual basis raised for first time on motion for rehearing in appellate court). Therefore, Ettleman has not waived her challenge to the factual basis.

To ascertain whether the State's factual basis for felony child abuse was sufficient, we must identify the elements of the statute under which Ettleman was convicted and determine whether the factual basis meets those elements. See *id*. Ettleman was convicted of violating § 28-707(1), which states in relevant part:

A person commits child abuse if he or she knowingly, intentionally, or negligently causes or permits a minor child to be:

(a) Placed in a situation that endangers his or her life or physical or mental health;
(b) Cruelly confined or cruelly punished;
(c) Deprived of necessary food, clothing, shelter, or care;
(d) Placed in a situation to be sexually exploited . . . ;
(e) Placed in a situation to be sexually abused . . . ; or
(f) Placed in a situation to be a trafficking victim . . . .

Child abuse is a Class IIIA felony if the offense is committed knowingly and intentionally and does not result in serious bodily injury or death. § 28-707(4). "Endangers" as used in § 28-707(1)(a) means to expose a minor child's life or health to danger or the peril of probable harm or loss. *State v. Crowdell*, 234 Neb. 469, 451 N.W.2d 695 (1990).

Based on the plain language of the statute, the factual basis given at the plea hearing did not set forth how Ettleman intentionally placed her son in a situation that endangered his life or physical or mental health, and it certainly did not set forth a basis for any of the other elements contained in the statute. However, we can consider other materials when deciding whether a factual basis exists.

A factual basis may be determined from inquiry of the defendant or county attorney, or by examination of the presentence investigation. *State v. Richter*, 220 Neb. 551, 371 N.W.2d 125 (1985). See, also, *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981) (preferred procedure for ascertaining whether or not factual basis exists to support guilty plea is to inquire directly of defendant, but examination before sentencing of presentence report containing such facts is acceptable alternative.)

The presentence investigation report (PSR) in this case indicates that law enforcement conducted an investigation involving the distribution of prescription pills in Cedar Bluffs, Nebraska. During the investigation, it was determined that Ettleman was selling controlled prescription pills to Brainard. Law enforcement communicated with Ettleman while portraying Brainard (through text messages) and arranged for Ettleman to deliver 40 controlled prescription pills to Brainard's house for $200. Law enforcement waited for her, and upon contact, they observed that Ettleman brought along her 11-year-old child. After law enforcement identified themselves to Ettleman, she admitted she was there to deliver 40 pills (oxycodone).

Ettleman's statement in the PSR indicated that she and Brainard were friends and that Ettleman and her son spent a lot of time with Brainard and her three children. Ettleman claims that she has fibromyalgia, arthritis, and migraines and that she has prescription medication. She had been giving Brainard three to five pills per month because Brainard was complaining of headaches and back pain, but could not afford to go to the doctor or pay for medication. Ettleman said on the night she was arrested, she received an email asking for the rest of her pills, but she said no because Brainard owed her money ($430). The reply claimed to have $300 of the money owed to Ettleman and that there was someone there to buy pills from her for $5 per pill. Ettleman asked if Brainard knew the person, and the response was "yes." Ettleman said she needed to get her son dressed, and when they arrived at Brainard's house, she told her son to stay in the van. But her son wanted to see Brainard and her children, so he got out and she followed him. When they walked in to the house, three men were there. When Ettleman asked where Brainard was, they said she was at her sister's. Ettleman said she immediately took her son and went to the van, where she texted Brainard. One of the men walked to the van and flashed a badge. Ettleman claimed she did not take her son into what she would consider a dangerous situation. "I love [Brainard] and her kids, [my son] does too. . . . I was simply going to see a friend."

A juvenile emergency protective custody affidavit contained in the PSR indicates that this incident took place at approximately 8:28 p.m. and that after Ettleman was arrested, her son was taken into protective custody where he was placed with his grandparents. Her son's biological father is deceased.

Ettleman contends the factual basis "does not give any indication that the minor child was cruelly confined or cruelly punished," "does not give any factual information that the minor child was deprived of food, clothing, shelter, or care," and "makes no mention of evidence showing that the minor child was placed in [a] situation so as to be sexually exploited" or sexually abused. Brief for appellant at 9. Ettleman further argues that "at no time was the minor child's life or physical health in danger at the time of this incident." *Id*. Notably, she says, law enforcement officers were present at the residence at the time Ettleman was allegedly delivering oxycodone to another person. "It is hard to conceive how the minor child's life or physical health could have been at risk during this incident as law enforcement officers were present the entire time while the transaction was transpiring." *Id*.

After considering the record as a whole, including the information in the PSR, we find there was not a sufficient factual basis to meet the elements under § 28-707(1) and (4). Ettleman took her son to her friend's house at approximately 8:30 in the evening, and immediately left when she realized her friend was not home. While we acknowledge that Ettleman went to the home to sell prescription medication, an illegal action, we fail to see, based on these facts, how Ettleman knowingly and intentionally exposed her child's life or physical or mental health to danger or the peril of probable harm or loss. Because there was not a sufficient factual basis, the district court abused its discretion by accepting Ettleman's no contest plea to felony child abuse and finding her guilty of the same. See *State v. Workman, supra*. Because the district court abused its discretion in accepting Ettleman's plea to felony child abuse, we reverse the order of the district court which accepted that no contest plea and we vacate Ettleman's conviction for felony child abuse.

The State argues, without citation to any authority, that if the factual basis was indeed lacking, "the proper remedy is to undo the *entire* plea bargain, and return the parties to square one

and start over." Brief for appellee at 6-7 (emphasis in original). However, the State's ability to further prosecute Ettleman is a matter to be determined at the trial level before it can be considered on appeal. See, generally, *State v. Conn*, 300 Neb. 391, 914 N.W.2d 440 (2018) (appellate court will not consider questions not presented to district court). But see *State v. Thalken*, 299 Neb. 857, 911 N.W.2d 562 (2018) (jeopardy attaches at the time the trial court accepts the defendant's guilty plea).

Because we vacate Ettleman's conviction for child abuse and because the district court provided only one sentence for both convictions, we must also vacate Ettleman's sentence. As noted earlier in this opinion, the court ordered one sentence of 24 months' probation for both convictions without any noted separation or apportionment between the two convictions. The Nebraska Supreme Court has pointed out that when a defendant has been convicted on separate counts of an information, it is the better practice for trial courts to impose a separate sentence on each count whereon there has been a conviction. See, *Kroger v. State*, 158 Neb. 73, 62 N.W.2d 312 (1954); *Williams v. State*, 114 Neb. 132, 206 N.W. 731 (1925). The district court's failure to do so in this instance necessitates vacating Ettleman's sentence and remanding the matter to the district court for resentencing on the attempted possession of a controlled substance conviction.

## CONCLUSION

Ettleman's conviction for attempted possession of a controlled substance is affirmed. However, because the factual basis was inadequate to support Ettleman's no contest plea to and conviction for felony child abuse, we reverse the order of the district court which accepted that no contest plea and we vacate Ettleman's conviction for felony child abuse. And since the district court ordered only one sentence for both convictions, we vacate that sentence and remand for resentencing on Ettleman's conviction for attempted possession of a controlled substance.

AFFIRMED IN PART, REVERSED AND VACATED IN PART, AND
IN PART VACATED AND REMANDED WITH DIRECTIONS.